PATRICK J. PENDERGAST *v.* GEORGE G. YOUNG, TAX COLLECTOR

[No. 120, October Term, 1946.]

*Decided May 14, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Edward J. Ryan* and *William L. Wilson, Jr.,* for the appellant.

Submitted on brief by *Horace P. Whitworth, Sr.,* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Patrick J. Pendergast, an infant, by his mother and next friend, filed his petition in the Circuit Court for Allegany County, against the tax collector of the County, the County Commissioners of the County, and Catherine B. McHugh, executrix of John McHugh, deceased, and Catherine B. McHugh, individually, for the purpose of of redeeming from a tax sale certain property known as 310 Grand Avenue, Cumberland. The petition was filed in the equity case in which the collector of taxes for Allegany County filed his report and had his sales ratified for the years 1935, 1936, 1937 and 1938.

It appears from this report of sale that on the 30th of January, 1937, there was due by Patrick Pendergast, the owner of the property in question, the sum of $44.37 for state and county taxes for the years 1935 and 1936. The report further shows that the collector, in accordance with the provisions of Chapter 433 of the Acts of 1927, made out bills for these taxes and annexed notices that unless such taxes, with accrued interest and costs, were paid within 60 days after receipt of such notices, he would proceed to collect the same by way of distress or execution. The report further shows that on January 20, 1937, he caused a copy of each of said tax bills to be served upon Patrick Pendergast, minor, by service on his mother, Mary S. Pendergast, who is also his guardian, with whom he resides at 310 Grand Avenue, in the manner provided by section 43-BB of the Act of Assembly aforesaid, by leaving a copy of each of said tax bills with the said Mary S. Pendergast, guardian of Patrick Pendergast, minor, with whom he resides at 310 Grand Avenue, Cumberland. The taxes not having been paid on September 2, 1937, the tax collector, in accordance with the provi-

sions of Sections 190 to 198, inclusive, of Article 81 of the Code, 1928 Supplement, levied upon the property which was conveyed to Patrick Pendergast by will dated the 15th day of April, 1934, to which will reference was made for the description of the property upon which was located one-half of a double, two-story, frame building used for a dwelling. At the time of said levy copies of the tax bills were delivered to Mary S. Pendergast, guardian of Patrick, and thereafter the property was advertised for sale and sold for $180 to the County Commissioners of Allegany County. The sale having been duly reported, and an order *nisi* passed upon it, it was ratified by the Court on November 12, 1937.

The petition recites that the County Commissioners sold the property to John McHugh, now deceased, by deed dated February 14, 1939, and that McHugh, by his will dated April 1, 1940, devised the property to his sister, Catherine B. McHugh. The petition alleges that at the time of the aforesaid tax sale the petitioner was an infant, having been born January 26, 1927, and that in the tax sale proceedings no guardian was appointed and no answer was filed by guardian *ad litem*. The petition further states that the petitioner is now ready and willing to redeem his interest, and asks that all the parties be required to show cause why he should not be allowed to do so. Upon the passage of an order to that effect, an answer was filed by the County Commissioners. The other defendants did not answer, and a decree *pro confesso* was obtained against them. When the case was heard, the only testimony offered was that of a real estate operator who said that the property at the present time is worth $2,250; that in 1936 to 1938, when the property was assessed at $1,600 he would say that the value of it was $2,000. On this state of the record Judges Huster and Capper, sitting as chancellors in the lower court, passed an order on October 1, 1946, dismissing the petition, from which the petitioner appeals.

Two points are made in the appellant's brief. One is that the tax collector failed to comply with the law and

procedure, and the other is the appellant has a legal right under the law to redeem his property.

The tax sale was made under Sections 197 to 206, inclusive, of Article 81 of the Code as authorized by the local law of Allegany County, Chapter 433 of the Acts of 1927. By Section 197 the collector must first leave with the party by whom the taxes are to be paid, or at his usual place of abode, if such party resides in the County, a statement showing the aggregate amount of property with which the person is assessed, and the amount of taxes due thereon with an annexed notice that unless the taxes are paid within 30 days he will proceed to collect by way of a distress or execution. By Section 198 it was provided that if the taxes were not then paid, the collector should levy and advertise and sell the property for cash to the highest bidder. This sale must be reported to the Circuit Court for the County and after such notice by publication as the Court should provide, and no cause shown, the sale would be ratified and the purchaser should on payment of the purchase price, have a good title to the property. There is a general provision in Section 204 that whenever real estate shall be sold by a collector, the owner thereof prior to the sale may redeem the same by paying into Court to be paid to the purchaser thereof "within the period of twelve calendar months from the date of such sale, the amount of the purchase money, with interest thereon at the rate of fifteen per cent. per annum from the date of the sale."

These sections were repealed by Chapter 761 of the Acts of 1943, which provided for a method of foreclosing the right of redemption by a purchaser. By Section 90 of that act any purchaser can at any time after the expiration of one year and a day from the date of sale file a bill in equity to foreclose any right of redemption. The right to redeem continues until barred by the decree of the court in which the foreclosure proceeding is filed. In Section 89 I this is applied to prior sales, whether or not the deed has been delivered. Any proceeding to foreclose the right of redemption must be filed within

two years from the date of the certificate of sale. This act, however, does not apply to Allegany County, and, therefore, in no way affects the question before us.

The appellant first contends in his brief that the service was not legal because the infant was not in possession, and on the face of the proceedings actually was never served with notice of the tax levy. This contention apparently was not made in the lower court, because the Chancellors in their opinion said, "there is no contention in this case that this law was not fully and minutely complied with." However, the service as stated in the report is that a copy of the tax bills was left with appellant's mother and guardian "with whom he resides at 310 Grand Avenue, Cumberland, Maryland." The statute, as we have stated, provides that the bills and notices should be left with the party by whom the taxes are to be paid, or at his place of abode. It is to be presumed from the wording of the report and, in the absence of any proof to the contrary, that they were left at the place of abode of the infant which was on the property to be sold. There is no distinction in the act between infants, parties *non compos*, and parties *sui juris*. The purpose of the notice, whether served on the party or left at the party's usual place of abode, is to enforce the right of the State to compel such party to contribute his share to the expenses of the government. In the recent case of *Hickey v. Peck*, 180 Md. 289, 23 A. 2d 711, 718, this Court considered a number of objections to a tax sale and upheld it, saying that no substantial deviation from the law had been found. The principle of law to be invoked in the consideration of the validity of such sales was stated in these words: "In considering all the questions, the Court has borne in mind the principle that while there must be substantial compliance with the provisions of law authorizing the sale of property for the purpose of collecting taxes, nevertheless slight deviation should not be allowed to avoid this necessary public function, which is part of our system of government for requir-

ing every owner of property to bear his just proportion of expense." In the case before us, we assume from the record that the tax bills were left at the usual place of abode of the infant, which would be an exact compliance with the statute. We are, therefore, not called upon to pass upon the question whether leaving the bills and notices with the mother and natural guardian of the infant would be sufficient.

The main contention of the appellant with respect to the sale is that no guardian *ad litem* was appointed to represent the infant. It is claimed that this has to be done under certain provisions of Article 16, Sections 63 and 64, etc., and Sections 168 and 169. These provisions have to do with proceedings brought in chancery for the sale of an infant's property where it is claimed to be for its benefit and advantage. They have no relation to a statute passed for the purpose of enabling the State to enforce the collection of taxes. The statute in such a case regulates the notice which has to be given before the sale can be made. When the sale is made, it is reported to the Court and after publishing notice by avdertisement, if no objection is made, the Court ratifies the sale. No parties, however, are made in the proceeding unless they come in response to the advertisement. There is no provision in the tax statute in question in this case for the appointment of any guardian *ad litem* for an infant. None could in any event have been appointed until after the sale had been made, because it was only after the report of sale was filed, that the Court acquired jurisdiction. Since the statute made no provision for it, failure to appoint a guardian *ad litem* then did not affect the validity of the proceeding. Had an objection been made to the sale, the court might, under some circumstances, have named some one to represent the infant. In this case no such circumstances existed and there was no occasion for such an appointment.

The other question raised by appellant is that, being under disability, he is not subject to the limitation of one

year within which to redeem, but has until three years from June 1, 1945, or until one year after he becomes 21, whichever would be later, under the provisions of Section 121A of Article 1 of the Public Local Laws of Maryland enacted by Chapter 199 of the Acts of 1945. This is a special act for Allegany County, passed after the sale was made in this case. It is not intended to add anything to the rights of an owner whose property has already been sold or to take away any rights from the purchaser of such property. It is so stated in the last paragraph: "This sub-section is in addition to all other statutes of limitation and does not revive, or extend the time for bringing any suit or action otherwise barred." The sale in this case was made under the provisions of a statute which, as we have heretofore shown, gives the right of redemption to an owner for a year from the date of sale. No difference is indicated in this statute for the operation of this period of limitations on infants or other persons under disability as compared with parties *sui juris*. The time of limitation is a matter in the discretion of the legislature, as are all limitations statutes. *Kelch v. Keehn,* 183 Md. 140, 36 A. 2d, 544. If the legislature did not see fit to make a special provision for persons under disability, and when it subsequently did make such a provision for Allegany County, if it specifically said that it was not intended thereby to change any rights acquired under the former statute, we cannot read into the former statute something which so obviously was not intended.

The Supreme Court of the United States said: "The exemptions from the operation of statutes of limitation, usually accorded to infants and married women, do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights." *Vance v. Vance,* 108 U. S. 514, 2 S Ct. 854, 859, 27 L. Ed. 808. In an infancy tax case

in Massachusetts, the court there said, "It is contended that, as the plaintiff is an infant, the limitations of two and five years in the statutes do not affect her, at least, as to the one-third part of the land which she inherited from her mother. But there are no exceptions in favor of infancy in the statutes, and there is nothing in the constitution of the commonwealth that requires that the legislature should make any such exception in the exercise of its power to levy and collect taxes. The proceedings are wholly statutory, and we cannot read into the statute exceptions which are not in it, and which we cannot find that the legislature intended." *O'Day v. Bowker,* 143 Mass. 59, 9 N. E. 16, 21. A similar ruling was made in New York. "The right to redeem lands sold to enforce the collection of taxes assessed against it is purely statutory, and statutes providing the procedure for assessing and collecting taxes, for the sale of land for their non-payment, and for the redemption of lands sold, are applicable to infants and persons under disabilities, unless they are excepted from their operation. * * * It is a general rule that statutes limiting the time in which, and prescribing the procedure by which, rights shall be enforced, are applicable to persons under disabilities, unless expressly excepted. * * * The Title of the persons owning the fee at the time of a tax-sale, both infants and adults, was cut off by the sale, and by their failure to redeem within the time and in the manner provided by the statute under which the sale was made." *Levy v. Newman,* 130 N. Y. 11, 28 N. E. 660. And in Georgia "Whether they were minors or adults at the time of the sale does not matter, so far as redemption is concerned. The statute makes no exception in favor of minors for redeeming property sold under a tax execution." *Dawson v. Dawson,* 106 Ga. 45, 32 S. E. 29.

The order will be affirmed.

*Order affirmed with costs.*

MARKELL, J., filed the following dissenting opinion.

A 10-year-old child would be no more protected by leaving a notice "at his usual place of abode" than by leaving it with his mother. But the statute required the former, not the latter. The required notice is the basis of jurisdiction to sell his property for taxes. I think such notice must be proved, not assumed from statement of something else, especially when a statement of the required notice is stricken out in the printed form of report. The legislature recognized the crudity of the old statute in 1943 in repealing it and substituting a more orderly procedure for foreclosure of the right of redemption after tax sales.