**GROUP HEALTH ASSOCIATION, INC., Appellant,**

v.

**Verlette L. GATLIN, et al., Appellees.**

No. 82–257.

District of Columbia Court of Appeals.

Argued Feb. 2, 1983.

Decided July 12, 1983.

Mary T. Porter, Washington, D.C., with whom John F. Mahoney, Jr., Washington, D.C., was on the brief, for appellant.

Roger C. Johnson, Washington, D.C., with whom Thomas J. Kelly, Jr., Washington, D.C., was on the brief, for appellees.

Before NEBEKER and BELSON, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

This interlocutory appeal, pursuant to D.C.Code § 11–721(d) (1981), presents the single question of whether the one year statute of limitations contained in the District's wrongful death statute [1] is tolled by the surviving heirs' minority. The application of savings clauses for minority [2] to statutes of limitation in wrongful death statutes has been the subject of much court debate.[3] This case, however, presents a matter of first impression in the District. We hold that the one year limitation period governs because this action must be brought by the personal representative of the decedent, and there is no legislatively recognized policy to toll the period to permit heirs to bring the action. We therefore remand to the trial court with instructions to dismiss the remainder of the complaint.

---

1. D.C.Code § 16–2702 (1981) states, "An action pursuant to this chapter shall be brought by and in the name of the personal representative of the deceased person, and within one year after the death of the person injured."

2. D.C.Code § 12–302(a)(1) (1981) states:
   (a) Except as provided by subsection (b) of this section, when a person entitled to maintain an action is, at the time the right of action accrues:
   (1) under 18 years of age; or
   (2) noncompos mentis; or
   (3) imprisoned—
   he or his proper representative may bring action within the time limited after the disability is removed.

3. See Annot., 85 A.L.R.3d 162 (1973).

## I

The facts and procedural posture of this case are not disputed. On September 28, 1974, Wesley R. Gatlin, Jr., died as the result of a drug overdose. Mr. Gatlin had been treated by appellant, Group Health Association, Inc., for some time. Allegedly, Mr. Gatlin called his treating physician at Group Health complaining of continued depression and sleepless nights. The physician prescribed the drug placidyl over the phone, assertedly despite the knowledge that the drug should be administered cautiously to people prone to depression. Two days later, Mr. Gatlin died from an overdose.

On June 26, 1981, a complaint was filed by Mrs. Gatlin and her two minor children for, *inter alia,* wrongful death. Defendant, Group Health, sought dismissal for the reason that the wrongful death action was barred by the one year statute of limitations. The trial court granted the motion with respect to the survival action and Mrs. Gatlin's wrongful death claim. The children were allowed to proceed with their wrongful death claim because their minority was interpreted to toll the one year statute of limitations. The trial court granted an interlocutory appeal, as did this court. *See* D.C.Code § 11–721(d) (1981).

## II

Contrary to appellees' assertion, the case of *Emmett v. Eastern Dispensary and Casualty Hospital,* 130 U.S.App.D.C. 50, 396 F.2d 931 (1967) is not dispositive. There, the circuit court held that the fraudulent concealment of medical records from the decedent's son tolled the wrongful death statute of limitations. We think the tolling of a statute of limitations because negligence conduct has been covered up has little to do with the issue at bar. Traditionally,

fraudulent concealment has been a unique and distinct reason for tolling periods of limitations. *See Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). It is not in any way associated with traditional savings clauses that address minority and competency. *See* D.C. Code § 12–302 (1981). Accordingly, appellees' reliance on *Emmett, supra* is misplaced.

■ Turning to the case at bar, the District's wrongful death statute, as a statutory creation not contemplated by the common law,[4] must be read, if possible, without reference to other statutes. The pertinent portion of the District's wrongful death statute states plainly that any action thereunder must be brought within one year.[5] We read this to provide that bringing the action within the one year is a condition attached to the right to sue.[6]

We find support for this conclusion in the analogous case of *Gwinn v. District of Columbia,* 434 A.2d 1376 (D.C.1981) where we refused to extend the time for giving notice of suit against the municipality in the case of a minor complainant. *See* D.C.Code § 12–309 (1981). This adherence to a strict interpretation of statutes in derogation of the common law is applicable herein. The language of the statute does not create a general statute of limitations which is subject to a savings clause attendant to another legislative enactment. The statutory language could not be clearer.

■ Further, the District's wrongful death statute does not create a right of action in anyone but the personal representative.[7] "Where minors are seeking to toll the statute of limitations, their interest must be such as will enable them to maintain an action in their own name." *Deloach*

---

4. *See Cole, Raywid & Braverman v. Quadrangle Development Corp.,* 444 A.2d 969, 971 (D.C.1982). *See also Crawford v. Martin Marietta Corp.,* 622 F.2d 339 (8th Cir.1980) (applying Arkansas law); *General Motors Corp. v. Arnett,* 418 N.E.2d 546 (Ind.App.1981); *Hebert v. Hebert,* 120 N.H. 369, 415 A.2d 679 (1980).

5. *See* note 1, *supra.*

6. *See, e.g., General Motors Corp. v. Arnett, supra,* at 548.

7. *See* note 1, *supra.*

*v. Emergency Medical Group,* 155 Ga.App. 866, 274 S.E.2d 38, 40 (1980). *See also General Motors Corp. v. Arnett, supra,* at 548. In the District of Columbia, minors have no such statutory interest. "It would indeed be anomalous to hold that the statute of limitations is tolled until the decedent's [children] reach majority, when, upon reaching majority, the [children] could not maintain an action in their own name." *Deloach v. Emergency Medical Group, supra,* 274 S.E.2d at 40. The right of action is controlled by the personal representative and it is his fiduciary duty to observe the applicable limitation period. *See General Motors Corp. v. Arnett, supra,* at 548.

■ Ultimately, we feel constrained to comment briefly on the asserted trend in the case law toward permitting a general savings clause for minority to toll a wrongful death statute of limitations.[8] Contrary to appearances, many of the jurisdictions which have permitted tolling have done so only because of a particular statutory nuance which is not present here. At present, the pertinent laws in the District simply do not provide statutory authority for appellees' position. In fact, the following cases demonstrate that the present trend is more a function of the legislatures than the courts.

In *Hun v. Center Properties,* 63 Hawaii 273, 626 P.2d 182 (1981), the court noted that the state's wrongful death statute had been amended with qualifying language. This amendment was interpreted to provide for the application of the general savings clause to the wrongful death statute of limitations. In *Wilbon v. D.F. Bast Co., Inc.,* 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784 (1978), a divided Supreme Court held that the two year limitation period contained in the state's wrongful death act did not apply to minors. The court noted that during the pendency of the appeal, the state legislature had amended the wrongful death act to provide for the tolling of the limitation period during a plaintiff's minority. In *Sprecher v. Magstadt,* 213 N.W.2d 881 (N.D.1973), the court tolled a two year wrongful death limitation period for the plaintiff's minority where, *inter alia,* the applicable limitation was not contained in the wrongful death statute. In *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972), the court tolled a wrongful death limitation period for a minor, reasoning that the statute literally provided that all "heirs" could bring the action. The minors were therefore capable of bringing an action under the wrongful death statute in their own right, and the tolling provision for minority was deemed applicable. Finally, in *Frost v. Hardin,* 1 Kan.App.2d 464, 571 P.2d 11 (1977), the court found as in *Parker v. Chrysler Motors Corp., supra,* that the children could maintain an action in their own right under the state's wrongful death statute. Plainly, the above cases are inapposite, and not applicable on our facts.

We do not dispute that authority contrary to our holding exists. *See Haakanson v. Wakefield Seafoods,* 600 P.2d 1087 (Alaska 1979). We do not, however, choose to follow it. It was a condition precedent to an action for wrongful death that the personal representative bring the action within one year of Mr. Gatlin's death. This was not done. Accordingly, the remainder of the complaint should have been dismissed, and we reverse and remand for that purpose.

*Reversed and remanded.*

---

8. *See, e.g., Hun v. Center Properties,* 63 Hawaii 273, 626 P.2d 182, 188 (1981). *Haakanson v.* *Wakefield Seafoods,* 600 P.2d 1087 (Alaska 1979).