## REDFERN *v.* HOLTITE MANUFACTURING COMPANY, INC.

[No. 91, October Term, 1955.]

*Decided February 14, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Amos I. Meyers* and *Herbert J. Hirsch* for the appellant.

*Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Weston & Andrew* and *Gordon, Feinblatt & Rothman* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Wilson Redfern sustained an injury, arising out of and in the course of his employment, and died immediately thereafter on January 24, 1951. He left surviving him a mother, a wife and a woman with whom he had been living illicitly. All three filed claims for compensation under the Workmen's Compensation Act. Awards were made to each of them, and each appealed to the Court of Common Pleas. On August 5, 1951, Celestine Slight, the woman with whom the decedent had been living illicitly, gave birth to a child, Dorean Wilson Redfern, who was the illegitimate and posthumous son of the decedent. A claim was filed on his behalf on July 16, 1952, more than a year after the death of the decedent, but within a year from the date of his birth. The employer raised the issue of limitations and the State Industrial Accident Commission denied the claim on this ground. On appeal to the Court of Common Pleas the decision was affirmed. From that affirmance the appeal comes here.

Code (1951), Art. 101, sec. 35, provides that each employee, or "in case of death his family or dependents", entitled to receive compensation under the Article, shall receive the same according to a schedule there set up. Sub-section (8) (d) of this section provides that in all cases, "questions of dependency, in whole, or in part,

shall be determined by the Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of such employee."

In *Scott v. Independent Ice Co.*, 135 Md. 343 (1919), it was held that a "common law" wife was not a "wife" within the meaning of the statute, and was not entitled to compensation. The statute at that time provided that there was a presumption of total dependency in the case of a wife, invalid husband, or child or children under the age of sixteen years, but that in all other cases questions of dependency should be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death, but "no person shall be considered as dependent unless such person be a father, mother, grandfather, grandmother, stepchild, or grandchild, or brother or sister of the deceased employee, including those otherwise specified in this section." Code (1914 supp.), Art. 101, sec. 36. The persons otherwise specified were, of course, a wife, invalid husband or child under sixteen. It was also held in the *Scott* case that an illegitimate child could not recover, because not included in the word "child", defined, in what was then sec. 63, to include "a posthumous child and a child legally adopted". By Ch. 456, Acts of 1920, this definition was enlarged to read: "The term 'child' and 'children' shall include posthumous children and adopted children, whether members of the deceased employee's household at the time of his accident or death or not, and shall also include stepchildren, illegitimate children and other children, if such stepchildren, illegitimate children and other children were members of the household of the decedent at the time of the accident or death and had received contributions toward their support from such deceased employee during any part of the six months immediately preceding the accident or death." This definition section appears in the present statute as Code (1951), Art. 101, sec. 68(10).

By Ch. 895, Acts of 1947, the language referring to relationship by blood or marriage was eliminated, and

the present provision was adopted that in all cases questions of dependency should be determined as questions of fact, without the benefit of any presumption. In *Kendall v. Housing Authority,* 196 Md. 370, 374, we stated that the effect of the amendment was to leave as the only requirement a finding of fact that the claimant was subsisting upon the earnings of the workman, without regard to relationship; and held that a woman living in an illicit relationship could recover. Another effect of the amendment was to leave the section defining "child" and "children" without specific application, because all references to "child" and "children" in sec. 35 were eliminated. This amendment was not applicable in the case of *Dukes v. Eastern Tar Prod. Corp.,* 197 Md. 564, 569, for the death in that case occurred in 1945, and we affirmed a finding that the illegitimate children were not members of the decedent's household.

. The amendment of 1947 leaves the existing statute in a curious state. It might well be contended that the definition of words eliminated from the statute can no longer be considered, and was repealed by necessary implication. If the only requirement is now proof of dependency in fact at the time of the injury resulting in death, it might be contended that a posthumous child could not qualify. In *Ide v. Scott Drilling,* 67 N. W. 2d 133 (Mich.), the Court relied heavily upon the definition in holding that a posthumous child was entitled to recover on the theory that it was considered as in being at the time of the father's death, and could qualify as a dependent although not in fact a member of the household. On the other hand it might be contended that an illegitimate child could now recover, even though not a member of the household or receiving contributions as limited by the definition section. We find it unnecessary to pass on these points, however. Assuming, without deciding, that the posthumous, illegitimate child in the instant case would have been entitled to compensation if the claim had been filed within one year from the date of the workman's death, we think the claim is barred by limitations.

Code (1951), Art. 101, sec. 38, provides: "When death results from injury, the parties entitled to compensation under this Article, or someone in their behalf, shall make application for same to the Commission, within one year from the date of death * * *." This provision was first enacted by Ch. 456, Acts of 1920, and has remained unchanged. It was held to be mandatory in *Vang Constr. Co. v. Marcoccia,* 154 Md. 401, 407, where it was said: "The actor in the matter of the application is the depenent, or, if disqualified through infancy or incapacity, someone in his behalf." The Court did, however, consider a contention that the employer was estopped from pleading the statute by conduct. There is no factual basis for such a contention in the instant case.

The appellant contends that the infant in the instant case falls within the disability classifications of the common law, and that Code (1951), Art. 57, sec. 2, is applicable. But we think it is perfectly clear that the section cited has no application to claims for Workmen's Compensation. It is in terms limited to the causes of action specified in that Article. The Compensation Act did not set up such a cause of action. An award is not the pronouncement of a court and not a judgment. *Dyson v. Pen Mar Co., Inc.,* 195 Md. 107, 112. As noted in *Broniszewski v. Balto. & O. R. Co.,* 156 Md. 447, 453, the Act sets up a "special form of a statute of limitations". Cf. *Decker v. Pouvailsmith Corporation,* 168 N. E. 442 (N. Y.), and *Westrich v. Industrial Commission of Ohio,* 197 N. E. 823 (Ohio). We must look to this alone.

The appellant also contends that the infant, being incapable of filing suit at the time of the injury and death, should not be barred at least until it was born. The answer is that, assuming the unborn child had a valid claim at the time of the employee's death, which is the time fixed by the statute when the right to compensation accrues, the statute explicitly provides that application must be made within a year from that date, by "the parties entitled to compensation under this Article, or some-

one in their behalf". We may assume that the mother and next friend of the infant *en ventre sa mere* could have filed the claim at any time within that year, whether before or after the birth of the child. We find no justification in the language of the statute for extending that time. It is generally held that in the absence of exceptions in favor of minority, minor children are barred by the limitation provisions of the Workmen's Compensation Acts to the same extent as adults. See *Ray v. Sanitary Garbage Co.,* 278 N. W. 139 (Neb.), *Bankers' Trust Co. v. Tatti,* 242 N. W. 777 (Mich.), and Note 142 A. L. R. 1018, 1043.

The case of *Baking Co. v. Reissig,* 164 Md. 17, is readily distinguishable. It was there held that a grandchild, dependent upon his grandfather, was not barred from recovering the balance of an award made to his grandmother, unpaid at her death. The Court relied upon a clause in what is now Code (1951), Art. 101, sec. 35(8) (f) permitting recovery as the surviving dependent of a deceased workman.

Finally, the appellant contends that having filed her own claim in time, she was entitled to amend her claim to include that of the posthumous infant. She did not ask leave to do so until October 23, 1953, when the infant's claim came on for hearing before the Commission. At that time the mother's claim had been decided by the Commission and an appeal had been taken to the Court of Common Pleas. We think the Commission was correct in refusing to permit an amendment that, in effect, asserted a claim already barred by limitations, and would bring in an entirely new party. The case of *Westfall v. J. P. Burroughs & Son,* 274 N. W. 358 (Mich.), cited by the appellant, involved the amendment of a claim by a "common law" wife, to include a claim on behalf of her posthumous, illegitimate child. But no question of limitations was there raised, and it may be noted that four judges dissented on the ground that such a child had no claim in any event.

*Judgment affirmed, with costs.*