626 A.2d 353

Lorraine Marie (Payne) WADDELL

v.

Willie KIRKPATRICK et al.

No. 39, Sept. Term, 1992.

Court of Appeals of Maryland.

June 21, 1993.

George W. Shadoan (Robert R. Michael, Shadoan and Michael, both on brief), Rockville, for appellant.

William N. Zifchak (Sasscer, Clagett & Bucher, both on brief), Upper Marlboro, Kevin H. Brown (Law Offices of Harold A. MacLaughlin, both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

We granted certiorari to answer the question whether Maryland Code (1989 Repl.Vol.) section 5–201 [1] of the Courts &

---

1. Maryland Code (1989 Repl.Vol.) § 5–201 of the Courts & Judicial Proceedings Article provides, in pertinent part:

Judicial Proceedings Article[2] applies to save an action brought, pursuant to the Maryland wrongful death statute, sections 3–901 through 904, on behalf of the child of the injured person, one of the primary statutory beneficiaries, when, at the time of the injured person's death, that child was a minor 327 Md. 129, 607 A.2d 947. The Circuit Court for Prince George's County answered, "no." We shall do likewise.

## I.

Appellant Lorraine Marie (Payne) Waddell's father, John Payne, was killed on June 26, 1975, when the car he was driving collided with a tractor trailer driven by Willie Kirkpatrick in the scope of his employment with Lowenstein Company. The tractor trailer had been leased from Commercial Equipment Company, Inc.

When her father was killed, the appellant was three years and four months old. Although a claim, which resulted in a substantial settlement, was brought by her mother, when the appellant reached the age of twenty, she filed a $2 million suit naming Kirkpatrick, Lowenstein Company, and Commercial Equipment Company, Inc., as defendants (collectively "the appellees"). That suit alleged that Kirkpatrick negligently caused her father's death and that the other defendants were jointly and severally liable. The appellees moved to dismiss the action, arguing that, because it was brought more than three years after the death of the appellant's father, it was barred. The Circuit Court for Prince George's County granted the motion and Waddell appealed the judgment to the Court of Special Appeals. We granted certiorari prior to argument or decision by the intermediate appellate court.

(a) *Extension of time.*—When a cause of action subject to a limitation of Subtitle 1 of this title accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

2. Unless otherwise indicated, all statutory references will be to this article and volume.

## II.

### A.

Section 5–101 codifies the general statute of limitations in Maryland. It requires that a civil action at law be filed within three years of its accrual "unless another provision of the Code provides a different period of time within which an action shall be commenced." Section 5–201(a) is such a provision. Pursuant to that section, when a person with a cause of action subject to the limitations period prescribed by section 5–101 is a minor, a "different period of time within which an action shall be commenced", *i.e.,* "the lesser of three years or the applicable period of limitations after the date the disability is removed," applies.

Section 3–904(g)[3] is another provision of the Code which prescribes a time within which an action must be brought. It provides:

(g) *Action to commence within three years; deaths caused by occupational disease.*—(1) Except as provided in paragraph (2) of this subsection, an action of this subtitle shall be filed within three years after the death of the injured person.

(2)(i) In this paragraph "occupational disease" means a disease caused by exposure to any toxic substance in the person's workplace and contracted by a person in the course of the person's employment.

(ii) If an occupational disease was a cause of a person's death, an action shall be filed:

1. Within 10 years of the time of death; or

2. Within 3 years of the date when the cause of death was discovered, whichever is the shorter.

Before 1971, a wrongful death action had to be brought within two years of the death of the injured party. *See* Md.Code

---

**3.** At the time of the appellant's father's death the applicable section was § 3–904(f). *See* Md.Code (1974) Cts. & Jud.Proc.Article.

(1957, 1970 Repl.Vol.) Art. 67, § 4(a).[4] By enacting Chapter 784, 1971 Maryland Laws, the Legislature expanded the time for filing the action to three years. It stated its purpose for doing so as follows:

WHEREAS, the General Assembly desires to bring the statute of limitations for wrongful death actions in uniformity with that of other negligence actions.

WHEREAS, there is no logical reason for the variance between the time limits for commencement of actions.

WHEREAS, citizens may be misled to their detriment by the variance between the respective statutes of limitations resulting in an undue forfeiture of rights.

### B.

Noting that the time for bringing a wrongful death action is the same as that set forth in section 5–101 and stressing that the Legislature characterized that period as a statute of limitations when it amended the wrongful death statute, the appellant argues that subsection (g) "imposes a limitation of three years exactly as referenced in section 5–101." Therefore, she continues, it does not prescribe a "different period of time within which an action shall be commenced" and thus, falls within section 5–101. Since section 5–201(a) extends the ordinary period of limitations for a cause of action when the person with the cause of action is under a disability, and it refers directly to section 5–101 limitations and section 3–904(g) prescribes "a limitation" within the coverage of section 5–101 of subtitle 1, the argument continues, section 5–201(a) is also applicable to section 3–904(g).

---

4. When the wrongful death statute was first enacted, in 1852, *see* Ch. 299, 1852 Maryland Laws it provided "that 'every [wrongful death] action shall be commenced within 12 calendar months after the death of the deceased person.' " In 1950, the Legislature extended the twelve month requirement to eighteen months. Ch. 89, 1950 Md.Laws. That provision remained in effect until 1959, when, by Ch. 751, 1959 Md.Laws, the Legislature increased the time to two years.

The appellees' response to the appellant's arguments is twofold. First, they maintain that section 3–904(g) does not establish a statute of limitations at all; rather, it prescribes a time period as a condition precedent to maintaining a wrongful death action. That being the case, they assert, the time limit in subsection (g) does not, and could not, fall within section 5–101. And because section 5–201(a) refers only to limitations set forth in subtitle 1 of title 5, it could have no effect on section 3–904(g).

Furthermore, the appellees argue, the statement of the purpose of amending section 3–904(g) is an insufficient indication of the General Assembly's intent to change the nature of the time limitation in subsection (g). They reason that the General Assembly is presumed to be aware of the decisions of this Court construing the nature and effect of the time period prescribed by the wrongful death statute. Moreover, and in any event, the appellees assert that the legislative history of the wrongful death statute and, indeed, the essential nature of a wrongful death cause of action, as it has evolved in Maryland, is a clear refutation that the Legislature intended, by expanding the time period for bringing such an action, that section 5–201(a) apply to permit one under a disability to commence his or her action following the termination of the disability, whether or not another action had already been brought and resolved. We agree and explain.

### III.

As the appellant correctly concedes, the time period prescribed in section 3–904(g) has been construed by this Court to be a condition precedent to maintaining the action, rather than a statute of limitation. *Lopez v. Md. State Hwy. Admin.*, 327 Md. 486, 490, 610 A.2d 778, 780 (1992); *Trimper v. Porter–Hayden*, 305 Md. 31, 35, 501 A.2d 446, 449 (1985); *Morrell v. Williams*, 279 Md. 497, 505–06, 366 A.2d 1040, 1044 (1976); *Slate v. Zitomer*, 275 Md. 534, 542, 341 A.2d 789, 794 (1975), *cert. denied*, 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Smith v. Westinghouse Elec.*, 266 Md. 52, 55–56, 291 A.2d 452, 454 (1972); *State, Use of Dunnigan v. Cobourn*, 171

Md. 23, 25–26, 187 A. 881, 883 (1936); *State v. Parks*, 148 Md. 477, 479–82, 129 A. 793, 794 (1925). *See Knauer v. Johns–Manville Corp.*, 638 F.Supp. 1369, 1375–76 (D.Md.1986). *See also Cotham & Maldonado v. Bd.*, 260 Md. 556, 563, 273 A.2d 115, 119 (1971); *London Etc. Co. v. S.S. Co.*, 161 Md. 145, 157, 155 A. 334, 338 (1931).

In *Parks*, the issue was whether the requirement in the wrongful death statute then in effect, Maryland Code (1912) Art. 67 § 2, requiring "that every such action shall be commenced within twelve calendar months after the death of the deceased person", is "a condition essential to the right to maintain the action given by the statute, or is merely a limitation of the remedy which must be pleaded to defeat the action." *Parks*, 148 Md. at 477–78, 129 A. at 793. In that case, the defendant failed to specifically plead limitations, filing instead a general issue plea. The trial court granted the defendant's motion to withdraw the general issue plea and file a demurrer. In the demurrer, the defendant urged the dismissal of the suit because it had not been filed within one year of the decedent's death. Our predecessors affirmed the sustaining of the demurrer. The Court noted initially that upon its enactment, the wrongful death statute created a new cause of action in the State. *Id.* at 479, 129 A. at 793. It then observed that, in Maryland, when a statute created a new cause of action, "it would seem to be obvious that if a plaintiff sets out facts which place the claim beyond the terms of the statute, his declaration will be bad on demurrer." *Id.* at 480, 129 A. at 794. Quoting *The Harrisburg*, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358, 362 (1886),[5] the Court stated the

---

5. *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886) was overruled by *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), in which the Supreme Court held that the common law of admiralty provides a cause of action for wrongful death. This Court has not retreated from the reasoning. *See Slate v. Zitomer*, 275 Md. 534, 542, 341 A.2d 789, 794 (1975), *cert. denied*, 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Smith v. Westinghouse Elec.*, 266 Md. 52, 55–56, 291 A.2d 452 (1972); *Cotham and Maldonado v. Bd. of Co. Com.*, 260 Md. 556, 563, 273 A.2d 115, 120 (1971).

rule regarding the effect of a time requirement prescribed in a statute creating the new cause of action:

> The [statute] create[s] a new legal liability, with the right to suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.... Time has been made of the essence of the right and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.

*Id.* at 480, 129 A. at 794.

In contrast, a statute of limitations affects only the remedy, not the cause of action, *Goldberg & Kane v. Howard County Welfare Bd.,* 260 Md. 351, 354, 272 A.2d 397–98 (1971); *Shipley v. Meadowbrook Club, Inc.,* 211 Md. 142, 152, 126 A.2d 288, 293 (1956); *Frank v. Wareheim,* 179 Md. 59, 65, 16 A.2d 851, 853 (1940). The failure of a defendant to raise the bar of limitations, timely, *see* Maryland Rule 2–323(g)(16),[6] results in the waiver of limitations, which permits the plaintiff to proceed with the trial of his or her case. *Foos v. Steinberg,* 247 Md. 35, 38, 230 A.2d 79, 80 (1967); *Foard v. Snider,* 205 Md. 435, 451, 109 A.2d 101, 108 (1954); *Brooks v. State,* 85 Md. App. 355, 363–65, 584 A.2d 82, 86–87 (1991).

---

In *Smith,* we acknowledged that *The Harrisburg* had been overruled. Nevertheless, we opined:

> It has no effect here. In *The Harrisburg, supra,* the Supreme Court held that there was no common law right of action for wrongful death in maritime cases in the Federal Court. In *Moragne v. States Marine Lines, Inc., supra,* the Supreme Court held that there was such a right of action, but did not have occasion to rule on the question here presented.

266 Md. at 56, 291 A.2d at 455.

**6.** Maryland Rule 2–323(g)(16) requires the statute of limitations to be specially pleaded as an affirmative defense.

■ Once it has been established that section 3–904(g) is a condition precedent, as opposed to a statute of limitations, it follows inexorably that it does not fit within the prescription of section 5–101. Consequently, section 5–201 does not save a cause of action for wrongful death notwithstanding the disability of the plaintiff at the time the action accrued.

## IV.

### A.

The appellant argues, nonetheless, that when the Legislature amended section 3–904(g) to extend the time period from two years to three years, it intended, as the preamble to Chapter 784 reveals, to convert what had formerly been a condition precedent into a statute of limitations and to make it conform to statute of limitations prescribed by section 5–101. We do not agree.

■ The Legislature is presumed to be aware of the interpretation that this Court has placed upon its enactments. *State v. Bricker,* 321 Md. 86, 93, 581 A.2d 9, 12 (1990); *Farmers & Merchants Bank v. Schlossberg;* 306 Md. 48, 60, 507 A.2d 172, 178 (1986). As we have seen, prior to 1971, the Court interpreted section 3–904(g) as a condition precedent and explained the effect of that status. *State, Use of Cavanaugh v. Arundel Park Corp.,* 218 Md. 484, 487, 147 A.2d 427, 428 (1959); *Parks,* 148 Md. at 480–82, 129 A. at 794; *Cobourn,* 171 Md. at 25–26, 187 A. at 884 (construing this predecessor of section 3–902, which permitted the personal representative of an alleged wrongdoer to be sued for wrongful death if brought within six months of the alleged wrongdoer's death); *London Guar. & Accident Co. v. Balgowan S.S. Co., Ltd.,* 161 Md. 145, 157, 155 A. 334, 338 (1931). In those cases, we made clear "that where a limitation period is stipulated in a statute creating a cause of action, it is not to be considered as an ordinary statute of limitations, but is to be considered as a limitation upon the right as well as the remedy." *Slate,* 275 Md. at 542–43, 341 A.2d at 794, quoting *Blocher v. Harlow,* 268 Md. 571, 581, 303 A.2d 395, 400 (1973), *overruled on other*

*grounds, Eastgate Assoc. v. Apper,* 276 Md. 698, 703, 350 A.2d 661, 665 (1976). In the same time frame, we reached the same result in cases involving similar, but different, statutes. *See Mullins v. Thorne,* 254 Md. 434, 440, 255 A.2d 409, 413 (1969); *McBride v. Gulbro,* 247 Md. 727, 729, 234 A.2d 586, 588–89 (1967); *Redfern v. Holtite Mfg. Co.,* 209 Md. 106, 111, 120 A.2d 370, 372 (1956); *Pendergast v. Young,* 188 Md. 411, 418, 53 A.2d 11, 14 (1947); *Frank v. Wareheim,* 177 Md. 43, 50, 7 A.2d 186 (1939).

Notwithstanding its knowledge of our interpretation of such statutes, the Legislature did no more in 1971 than increase the time for bringing a wrongful death action from two years to three years. Although it referred to that time period as a statute of limitations in the process, that does not suffice to effect so considerable a change to render what had once been a condition precedent a statute of limitations. Had the Legislature intended such a radical change, it easily could have done so; it certainly knew how to do it.

Prior to 1986, subsection (g) provided only one time period in which to bring a wrongful death action. In that year, the Legislature amended that subsection to include what is now paragraph (2), providing a different time period in which to bring a wrongful death action when the death is alleged to have been caused by occupational disease. *See* Ch. 374, Md.Laws 1986.

If the appellant is correct, the Legislature effected the change of the time period from a condition precedent to a statute of limitations in 1971, there was no need to engraft onto that statute a discovery rule since the judicially created discovery rule, *see Poffenberger v. Risser,* 290 Md. 631, 636–38, 431 A.2d 677, 679 (1981), like the legislatively created one, § 5–203, *see Geisz v. Greater Baltimore Medical Ctr.,* 313 Md. 301, 323, 545 A.2d 658, 668 (1988), already would have applied. Indeed, we held, in *Trimper,* 305 Md. at 35–38, 501 A.2d at 448–49, that the discovery rule does not apply in wrongful death actions. It is significant that, when that amendment was made, the bill's title characterized the time period as a

"statute of limitations for filing an action for wrongful death caused by an occupational disease." Had the Legislature intended, in 1971, that the time period in section 3–904(g) be a statute of limitations as in section 5–101 and subject to its provisions, it would not have been necessary for the Legislature to enact paragraph 2 of subsection (g) in 1986; section 5–201 would already have applied to it.

It is also significant that the preamble to the bill stated the purpose of the amendment as follows:

WHEREAS, As a matter of fundamental fairness, a cause of action should not be deemed to have accrued until the date that knowledge of the wrong upon which the action is based is discovered or should be discovered; and

WHEREAS, Enactment of this section will provide full protection to the dependents of persons who have died as the result of a wrongful act of another. . . .

See Ch. 374, Md.Laws 1986.

Had the Legislature intended to save the cause of action for wrongful death of a person who was a minor at the time the cause of action accrued, it could have amended the statute to so provide, as it did in the case of the occupational disease provision. That it did not do so is telling.

### B.

That the Legislature did not intend to overrule our characterization of the time period in section 3–904(g)(1) is further reflected in the enactment of the Courts and Judicial Proceedings Article as part of the 1974 code revision. Sections 5–101 and 5–201 of that article were derived from provisions of former Article 57, relating to statutes of limitations. See Ch. 2, 1973 Md.Special Session Laws. In the revisor's note to section 5–101, it was stated:

This section does not affect the "notice" statutes and other quasi limitations elsewhere in this Code. These statutes require that the defendant be notified of the plaintiff's intention to sue within a given time limit.

The notice requirement is a condition precedent to filing a suit but if notice is given, the plaintiff may actually file his suit at anytime within the applicable limitations period.

See *inter alia*, § 3–904(f) [now § 3–904(g) ] of this article— Wrongful Death; Art. 45, § 1—Creditor's rights in wife's property; Art. 43, § 64—Recovery of hospital expenses; Art. 47, § 23—Insolvents; Art. 82, § 2—Riots; Art. 100, § 55D—Equal pay; Art. 101, § 58—Workman's compensation; Art. 93, § 8–103—Claims against estates.

To similar effect was the revisor's note to section 5–201:

There is no intention to extend other time limits for filing or notifying a defendant of a possible suit, nor the period within which an action for wrongful death is to be brought. *See* sections listed in revisor's note to § 5–101.

These notes made clear that the amendment of the wrongful death statute to conform the time period during which an action must be brought with that prescribed by the general statute of limitations, *i.e.*, increasing it, was not intended to change the nature of that time period; it was still to be construed as a condition precedent to bringing a cause of action, not a statute of limitations. The Legislature adopted Chapter 2, which contained the revisor's note. Thus it is that "notes or reports of a revisor or revision commission are entitled to considerable weight in ascertaining legislative intent." *Office & Professional Employees Int. v. MTA,* 295 Md. 88, 101, 453 A.2d 1191, 1197 (1982). *See also Dean v. Pinder,* 312 Md. 154, 163, 538 A.2d 1184, 1189 (1988).

## C.

■ The statute creating the cause of action for wrongful death also refutes the appellant's contention that section 5–201 applies to save a cause of action for the benefit of a statutory beneficiary who was under disability when the death occurred. The statute enumerates the persons for whose benefit the

cause of action was created. § 3–904(a) and (b).[7] It also provides for the division of damages among the beneficiaries, proportioned upon the extent of their injury. *See* § 3–904(c). This provision was necessary because, from the very beginning, "only one action [for wrongful death] lay in respect to the death of a person." § 3–904(f). Since the statute permits but one action to be brought against the same defendant for the death of the injured person and those damages are to be apportioned among the beneficiaries of that person, it follows that the Legislature intended that all such beneficiaries' claims be brought together within the period prescribed for bringing the action. It would be anomalous, indeed, when a statute clearly states that only one action may be initiated for each wrongful death, to construe that statute as allowing a separate action to be brought by one who was a minor at the time of the wrongful death when he or she has reached majority, whether or not a wrongful death action has already been timely prosecuted. Such a construction is also in clear contravention of the Legislative intention.

## V.

Focusing on the fact that a child of a deceased person is one of the primary beneficiaries of the wrongful death statute, *see* § 3–904(a); *Trimper*, 305 Md. at 34, 501 A.2d at 448, and arguing that the cause of action is that of the child, rather than the personal representative of the deceased person's estate,[8] the appellant urges us to follow out-of-jurisdiction

---

7. As initially enacted, the only statutory beneficiaries were the wife, husband, parent, and child of the injured person. Amendments over the years resulted in those beneficiaries being characterized as primary beneficiaries and in the development of secondary beneficiaries ("any person related to the deceased person by blood or marriage who was wholly dependent upon the deceased"). Ch. 16, 1952 Md. Laws. Another amendment served to provide for the illegitimate child. *See* subsection (h). Ch. 38, 1937 Md.Laws.

8. It has long been held in Maryland that, given the distinction between a survival action and a wrongful death action, *see Stewart v. United Elec. L. & P. Co.*, 104 Md. 332, 338–40, 65 A. 49, 53–54 (1906); *see also United States v. Streidel*, 329 Md. 533, 539–40 n. 5, 620 A.2d 905, 909 n.

cases in which wrongful death actions on behalf of minors have been held to have been saved by statutes tolling the running of limitations during infancy. *E.g. Haakanson v. Wakefield Seafood, Inc.*, 600 P.2d 1087 (Alaska 1979); *Cross v. Pac. Gas & Elec. Company*, 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964); *Wilbon v. D.F. Bast Co., Inc.* 48 Ill.App.3d 98, 8 Ill.Dec. 260, 365 N.E.2d 498 (1977); *Gaudette v. Webb,* 362 Mass. 60, 284 N.E.2d 222 (1972); *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972). We decline to do so.

In none of those cases did the wrongful death statute specifically require a single action. Moreover, although it is somewhat difficult to tell for certain, in none of the cases did it appear that, as here, a prior action for wrongful death had been brought and resolved before the action in that case was filed. *Haakanson* and *Webb* recognized that the time period prescribed for bringing a wrongful death action was, or could be construed as, a condition precedent. In *Webb*, the court chose to retreat from the traditional construction of wrongful death statutes and to hold that the Massachusetts common law had evolved to the extent that it now includes a common law action for wrongful death. 284 N.E.2d at 229. In *Haakanson*, while expressing sympathy with the *Webb* approach, the Court chose to rely on its public policy favoring the safeguarding of the interests of minors to reach the same result. 600 P.2d at 1090–92.[9] The remainder of the cases refer to the time period in the limitations statute as a statute of limitations, thus falling within the protection of the applicable savings statute.

---

5 (1993), the personal representative of a deceased person's estate has no cause of action for wrongful death. Indeed, it is the family of the deceased person, of which the child of the deceased person is one, that has such a cause of action. *Streidel,* 329 Md. at 540, 620 A.2d at 909.

**9.** *Wilbon v. D.F. Bast Co., Inc.,* 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784, 785 (1978). Although the court construed the wrongful death statute as being tolled as to the beneficiary, during the beneficiary's minority, the Legislature amended the wrongful death statute to provide specifically for tolling in that circumstance.

This is to be contrasted with *Group Health Ass'n, Inc. v. Gatling,* 463 A.2d 700 (D.C.App.1983), in which the statute created a cause of action in the personal representative of the deceased person, rather than in his or her designated beneficiaries. The *Gatling* court also distinguished many of the cases on which the appellant relies on the basis that, in those cases, there was "a statutory nuance which is not present here." *Id.* at 701. That court also rejected any notion of a trend toward tolling wrongful death time limits when a beneficiary is under a disability, noting that "the present trend is more a function of the Legislatures than the courts." *Id.* at 702.

## VI.

The appellant contends that, even conceding the nature of the time period in the wrongful death statute as being a condition precedent, rather than a statute of limitations, section 5–201(a) nevertheless applies. She argues, quoting *Chandlee v. Shockley,* 219 Md. 493, 498, 150 A.2d 438, 441 (1959):

Even where the distinction is recognized and the statute involved is substantive and creates the right rather than limits the remedy, the rule that the controlling period of time may not be tolled never has been held to be immutable under all circumstances.

The cases upon which the appellant relies, including *Chandlee,* all involve fraud and/or fraudulent concealment of the cause of action. *See Geisz,* 313 Md. 301, 545 A.2d 658; *Frank v. Wareheim,* 177 Md. 43, 177 Md. 43, 7 A.2d 186; *Scarborough v. Atl. Coast R.R. Line Co.,* 178 F.2d 253 (4th Cir.1949). There are no such allegations in this case. Hence, they are inapposite.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, AFFIRMED; COSTS TO BE PAID BY THE APPELLANT.