569 A.2d 645

**Joan WALKER, etc.**

v.

**Walter Ray ESSEX, et al.**

No. 34, Sept. Term, 1988.

Court of Appeals of Maryland.

Feb. 9, 1990.

David M. Kopstein, DiSalle and Straudinger, Washington, D.C., Irving Dross, and James H. Brown, Dross & Levenstein, Temple Hills, on brief, for appellants.

Lawrence F. Regan, Jr., Bell, Cornelius & Shore, Rockville, Irwin E. Weiss, Byron Berman, Baltimore, Joseph W. Pitterich, William H. Schladt, Pitterich & Snedegar, P.C., Bethesda, all on brief, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

BLACKWELL, Judge.

This case concerns the settlement of a civil suit brought under the Wrongful Death Statute, Maryland Code (1974, 1984 Repl.Vol.), Courts & Judicial Proceedings Article, §§ 3–901—904.[1] The settlement and subsequent entry of a judgment was on behalf of only one of two potential beneficiaries. The judgment did not provide for the second beneficiary. It exhausted all applicable assets. The judgment

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Section 3–904 provides in pertinent part:

   (a) *Primary beneficiaries.*—An action under this subtitle shall be for the benefit of the wife, husband, parent, and child of the deceased person.

   *     *     *     *     *     *

   (c) *Damages to be divided among beneficiaries.*—In an action under this subtitle, damages may be awarded to the beneficiaries proportioned to the injury resulting from the wrongful death. The amount recovered shall be divided among the beneficiaries in shares directed by the verdict.

   *     *     *     *     *     *

   (f) *Restriction to one action under this subtitle.*—Only one action under this subtitle lies in respect to the death of a person.

   Cts. & Jud.Proc. Art., §§ 3–904(a), (c) & (f).

was not entered with the consent of the second beneficiary, who now contests the entry of judgment, and the judgment itself.

When Lupe Willardo Hawkins, Sr. died as the result of a fatal car collision, he left behind two infants who were allegedly his sons by different women: Lupe Willardo Hawkins, Jr. ("Lupe Jr.") and Marcus Antoine Hawkins ("Marcus"). Lupe, Jr.'s mother agreed to settle the claim of Lupe, Jr. against those involved in the accident for the limits of an insurance policy. The insurer, Dairyland, was not aware of Marcus' existence until after the settlement agreement. The insurer contested the arrangement upon learning of Marcus. Nevertheless, the trial court enforced the agreement by entering a judgment against the defendants. We now consider whether the settlement by one wrongful death beneficiary requires the consent of the other joined beneficiaries or the approval of the court. We find that the Wrongful Death Statute, Cts. & Jud. Proc. Art., § 3–904, and the rules relating to it, Maryland Rules Q41–Q44, implicitly require mutual consent or court approval.[2]

---

**2.** The relevant Maryland Rules are as follows:

**Rule Q41. Plaintiffs.**
a. *Cause of Action in This State.*
Where such cause of action arose in this State all persons who are or may be entitled to damages by reason thereof shall be named as plaintiffs whether or not they joined in bringing the action; however, the names of those who did not join in bringing the action shall be preceded by the words: "to the use of ..."

\* \* \* \* \* \* \*

**Rule Q42. Necessary Allegations.**
In addition to all other facts required to be pleaded, the original pleading of the plaintiff, in such action shall state the plaintiff's relationship to the decedent, his right to bring the action, the names and last known addresses of all persons who are or may be entitled by law to recover damages and their relationship to the decedent.

**Rule Q43. Intervention.**
Any person claiming to be entitled to damages in such action may intervene as a party plaintiff at any time prior to verdict or decision.

## I.

On the morning of February 9, 1986, Walter Essex drove Joanne Lynette Dove's ("Dove") car while allegedly intoxicated and crashed into a Pepco utility pole. Essex's passenger, Lupe Willardo Hawkins, Sr., was killed. Pursuant to Maryland's wrongful death statute, Lupe Jr. sued Essex for his negligent driving and Dove for her negligent entrustment of the vehicle. Dairyland, at its request, was made a party to the action because of the settlement agreement.

According to Lupe Jr.'s attorney, the complaint, filed on February 6, 1987, precipitated settlement negotiations between Dairyland and Lupe Jr. In a letter dated March 9, 1987, Dairyland's attorney stated that he would be seeking court approval of the $20,000 settlement, the full amount of the insurance coverage, and that the "particulars of the settlement" would be worked out. In a letter dated March 10, 1987, Lupe Jr.'s attorney confirmed "that Dairyland has agreed to pay policy limits in this matter." In a motion hearing on August 18, 1987, Dairyland's attorney stated that: (1) "apparently there was a verbal agreement"; (2) the agreement was not contingent on the existence of another beneficiary; and (3) Dairyland was unaware of a second beneficiary while reaching the agreement. Lupe Jr.'s attorney confirmed the third point in a November 16, 1987 hearing. That attorney informed Dairyland of the existence of Marcus after settlement negotiations had been concluded. When Dairyland learned of the potential second beneficiary, the insurer resisted settlement.

Lupe Jr. filed a "Motion for Judgment," seeking to enforce the alleged settlement agreement by obtaining a judgment for the settlement amount. He then filed an amended complaint which, unlike the previous complaint, named Marcus as a potential beneficiary. At the same time, Marcus

---

**Rule Q44. Appointment of Damages.**
Whenever more than one person shall be found to be entitled to damages in such action, the trier of facts shall apportion damages among such persons.
Md.Rules Q41–Q44.

through his grandmother, Joan Walker, sought to intervene in the case. In an August 18, 1987 hearing, the judge granted Marcus' motion to intervene and Lupe Jr.'s motion for judgment. In finding for Lupe Jr., but omitting the interest of Marcus, the court noted:

All right, I am satisfied that there is really no dispute that there was an agreement entered into, whether reduced to writing or not, but apparently reduced to writing to the effect at least that there was an agreement that the matter be settled upon the payment of the sum of $20,000.

The fact that there appears to be another interested party perhaps introduces new problems, but it does not really affect the basic situation, and that is whether or not the plaintiff is entitled to enforce the agreement that he entered into with regard to the settlement and I think it does not, and it may pose, perhaps, a question of whether there is any other claim to the proceeds, but that really is not before the Court at this time, but I don't see that there is any bar to the Court enforcing this settlement agreement nor, as I have already indicated, do I think that the filing of a subsequent cause of action inconsistent in any way detracts from the right of the plaintiff to the relief he seeks.

Marcus proceeded to file his own complaint and a "Motion to Alter or Amend the Judgment." That motion was denied. Marcus appealed the denial of his motion, and we granted certiorari prior to consideration of the case by the Court of Special Appeals.

II.

Before addressing the central dispute, we first consider whether the entry of a judgment by the trial court, to the exclusion of a co-beneficiary, is a final appealable order under Maryland Rules 2–602.

In order to determine the issue, we must place it in proper perspective by looking to pertinent provisions of the Wrongful Death Act. Cts, & Jud.Proc. Art., §§ 3–901—904.

Section 3–904(f) directs: "Only one action under this subtitle lies in respect to the death of a person." It is interesting to note that this limitation was found in the initial adoption of the Wrongful Death Act, also known as Maryland's Lord Campbell's Act. It has survived various revisions of the Act since its inception in 1852.[3] To repeat, § 3–904(c) prescribes, in pertinent part: "The amount recovered shall be divided among the beneficiaries in shares directed by the verdict."

The appellant contends that entry of a final judgment for Lupe, Jr., which does not include a share "directed by the verdict" to him as a beneficiary, effectively precludes his right to have his interest determined in the action. He further contends that § 3–904(f) is mandatory so that only "one action under this subtitle lies in respect to the death of a person," his alleged natural father. He therefore claims he has been prejudiced, or effectively put out of court, upon entry of judgment for the co-beneficiary, Lupe, Jr.

In *Doehring v. Wagner*, 311 Md. 272, 533 A.2d 1300 (1987), Judge Eldridge, writing for the Court, stated:

> The trial court's ruling was unqualified; nothing in the trial court's action suggested any contemplation that a further order be issued or that anything more be done. The trial court's action put the plaintiffs out of court, denying them the means of further prosecuting the matter in the circuit court.

*Id.* at 275, 533 A.2d at 1302–03.

■ We conclude that the order denying the Motion to Alter or Amend the Judgment, from which the appeal was taken, was not a final judgment when the notice of appeal was filed. The circuit court did not direct the entry of a final judgment pursuant to Rule 2–602(b). Accordingly, this Court will enter a final judgment on its own initiative

---

3. *See,* Cts.Jud.Proc. Art., § 3–904(e); Md.Code (1957, 1970 Repl.Vol.), Art. 67, § 4(a); Md.Code (1924 Bagby ed.), Art. 67, § 2; Public General Laws (1904), Art. 67, § 2; Public General Laws (1860), Art. 65, § 2.

under authority of Rule 8–602(e)(1), so that we may consider the important issue involved, and to preclude the claim of Marcus from being barred from further consideration. We treat the notice of appeal as if filed on the date of the entry of the judgment for Lupe, Jr., and proceed with the consideration of the appeal.[4]

## III.

"The common law not only denied a tort recovery for injury once the tort victim had died it also refused to recognize any new and independent cause of action in the victim's dependents or heirs for their own loss at his death." *Prosser & Keeton on Torts* § 127 at 945 (W. Page Keeton 5th ed. 1984). In response to this harsh rule, the English legislature created a cause of action for wrongful death by enacting the Fatal Accidents Act of 1846, also known as Lord Campbell's Act. 9 & 10 Vict. c. 93. Every American state subsequently adopted its own wrongful death statute. 2 S. Speiser, *Recovery for Wrongful Death 2d* Appendix A (1975, 1988 Supp.).

In 1852, Maryland adopted a statute strongly resembling Lord Campbell's Act. 1852 Maryland Laws Chapter 299. Currently, the relevant section of the wrongful death subtitle states:

---

4. Rule 8–602(e) **Entry of Judgment Not Directed Under Rule 2–602.**
   (1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appropriate, (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final judgment, (C) enter a final judgment on its own initiative or (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.
   \*     \*     \*     \*     \*     \*
   (3) If the appellate court enters a final judgment on its own initiative, it shall treat the notice of appeal as if filed on the date of the entry of the judgment and proceed with the appeal.

(f) *Restriction to one action under this subtitle.—* Only one action under this subtitle lies in respect to the death of a person.

Cts. & Jud.Proc., § 3–904(f). We have often stated the purpose of the one action rule is to protect a defendant from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury, when all the parties could be joined in one proceeding.

One key difference between the English statute and the Maryland Wrongful Death Statute concerns the party responsible for bringing the cause of action. Under the English Statute the suit must be brought by the executor or administrator of the deceased for the use of the parties mentioned, while under our statute the suit is brought in the name of a person entitled to recover, and to the use of all such parties who may have an interest.[5] Many states require a cause of action to be brought in the name of the personal representative, executor or administrator of the estate. When a wrongful death action is settled by the personal representative, the proceeds are distributed according to statute. An issue is unlikely to arise as to settlements by only one of several beneficiaries who are part of the suit where all are represented by one responsible plaintiff. Unlike most other states, Maryland has two independent causes of action; one claim is in the name of the personal representative for any claim the deceased could have maintained; the other claim is brought on behalf of the surviving heirs or beneficiaries for their loss resulting from the death of the spouse, parent or child.

■ When looking to the direction of § 3–904(b), we are told that "only one action under this subtitle lies in respect to the death of a person." We are also instructed that, if a recovery or verdict is obtained in this one action, the amount recovered shall be "divided among the beneficiaries in shares directed by the verdict." The statutory language

---

**5.** *See* Md. Rule Q41. Plaintiffs.

does not allow a judgment for one of the beneficiaries to be made a matter of record, as by its very nature, other claims are forever foreclosed or barred. The trial judge in this case considered the claims of the beneficiaries to be severable. The statute does not. A judgment should not have been entered in the circuit court unless it included the interests of all of the known beneficiaries.

Additionally, the beneficiaries were children of tender years. Marcus was just six years of age. The circuit court, accordingly, should have been concerned all minor beneficiaries shared in the judgment and the available proceeds. The judge obviously would not want to foreclose the interest or claim of Marcus. The entry of judgment, however, had precisely this effect. We shall vacate the judgment on behalf of Lupe, Jr. and remand the case for further proceedings.

PURSUANT TO MD. RULES 2–602(b)(2) AND 8–602(e)(1)(C), FINAL JUDGMENT IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ENTERED IN FAVOR OF DEFENDANTS WALTER RAY ESSEX, JOANNE LYNETTE DOVE AND DAIRYLAND INSURANCE COMPANY AGAINST PLAINTIFF, JOAN WALKER, AS GRANDMOTHER AND NEXT FRIEND OF MARCUS ANTOINE HAWKINS, JR. JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY, AS SO ENTERED, VACATED.

JUDGMENT IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY IN FAVOR OF DAWN DALTON, AS MOTHER AND NEXT FRIEND OF LUPE WILLARDO HAWKINS, JR. AGAINST WALTER RAY ESSEX, JOANNE LYNETTE DOVE AND DAIRYLAND INSURANCE COMPANY, VACATED.

REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY APPELLEE DAWN DALTON, AS MOTHER AND NEXT FRIEND OF LUPE WILLARDO HAWKINS, JR.