932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert A. SEARLE, for himself as Personal Representative of
the Estate of Virginia Dale Searle, Deceased, and as Next
Friend of his Minor Children, William B. Searle and Jessica
W. Searle, Leland E. Modesitt, Jr., as Next Friend of his
Minor Children, Catherine G. Modesitt and Nancy M. Modesitt,
Leland E. Modesitt, III, Susan C. Modesitt, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 88-2975.
 United States Court of Appeals, Fourth Circuit.
 Argued July 25, 1989.
Decided May 15, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-87-2398-JFM)
 Rick Lloyd Richmond, Civil Division, United States Department of Justice, Washington, D.C. (Argued), for appellant; John R. Bolton, Assistant Attorney General, Robert S. Greenspan, Civil Division, United States Department of Justice, Washington, D.C., Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 Eric L. Lewis, Nussbaum, Owen & Webster, Washington, D.C. (Argued), for appellees; James P. Davenport, Lori E. Fox, Nussbaum, Owen & Webster, Washington, D.C., on brief.
 D.Md.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The facts in this case have been set forth adequately in our prior opinion and need not be repeated. In that opinion, we reviewed the award of damages and reversed a number of the awards on grounds stated in that opinion. After the issuance of that opinion, the appellees petitioned for a rehearing. Instead of granting the petition, we certified a number of the questions decided in our opinion to the Maryland Court of Appeals under the certification procedures established by that court. The Maryland Court of Appeals answered the questions certified and, in the light of such response by that court, we make the following revisions in our earlier opinion.
 
 I.
 
 2
 The district judge made an aggregate solatium award under Sec. 3-904(d), Md.Code Cts. & Jud.Proc. (1989 Repl.Vol.), in the amount of $1,250,000, divided in varying amounts among the surviving husband and each of the surviving children of the deceased. We reversed that award in part on what we found to be an appropriate deference to the restriction placed by Sec. 11-108, Md.Code Cts. & Jud.Proc. (1984 Repl.Vol.Supp.), on solatium awards. Specifically, we expressed the thought that, although this case arose before the effectiveness of the $350,000 cap fixed by that statute, courts arriving at a solatium award under the Maryland statute should give "considerable deference to the reasonableness" standard on cap established by Sec. 11-108 and that, if "[its award] exceeds" such standard, the court should provide "some expression of reasons for such difference." This ruling on one part was challenged by a petition for rehearing. We delayed a resolution of the petition until we could obtain an answer to a certification to the Maryland Court of Appeals of the propriety of our giving deference presumptively to the statutes hereunder. The Maryland Court of Appeals accepted on certification our request for a ruling on this and two other questions later discussed and proceeded by a written opinion to answer the certified questions.
 
 The first certified question was:
 
 3
 Whether the solatium cap of $350,000 fixed by Md.Code (1974, 1989 Repl.Vol.), Cts. & Jud.Proc. Art., Sec. 11-108 may be given deference in reviewing an award, particularly one in excess of the statutory maximum, in cases arising prior to the effective date of the cap but tried after that date?
 
 
 4
 In responding to that question, the Maryland Court of Appeals began by defining its understanding of the term "deference" as used in our panel opinion: "Deference is defined as 'a yielding in opinion; submission of judgment to the opinion in judgment of another.' " Given that definition, the court construed our language that "considerable deference to the reasonableness" of a solatium award in a case arising in Maryland should be given to the legislative cap on such awards even though that cap expressly did not apply directly to cases such as the one under review which had arisen before the effective date of the legislatively mandated cap. The court then construed our language giving "considerable deference" to the legislative cap in making such awards was the equivalent to declaring that the legislative cap was "a presumptive maximum" for an award. Accepting that construction of our language, the Maryland Court of Appeals stated: "The $350,000 cap is prospective only and should not be given retroactive effect as a presumptive maximum." The decision of the Maryland Court of Appeals accordingly renders inappropriate for us to consider the 1987 Act in our review of the solatium award made by the district court herein.
 
 
 5
 However, the United States had not raised the contention that the 1987 amendment had made $350,000 the "presumptive maximum." It had based its objection to the solatium award on the ground of excessiveness. That objection of the government was not considered by us in our earlier opinion. It accordingly remains for us to consider the issue of excessiveness of the solatium award here. Again, though the scope of review is limited to a standard of abuse of discretion, we feel that only the solatium award in favor of the surviving spouse appears to be excessive.
 
 
 6
 As required by Maryland practice, the district judge in this case made a single solatium award of $1,250,000 (which was more than twice the pecuniary award) divided in varying amounts among the several beneficiaries. See Walker v. Essex, 318 Md. 516, 569 A.2d 645, 648 (1990). In its discussion of the award, the district judge gave a $250,000 solatium award for the surviving husband. This amount was substantially greater than any award made to any one of the decedent's children other than the two Searle children, ages 4 and 5. In making the award in favor of the spouse, the district judge took no account of the fact that the spouse had remarried. The surviving spouse, while attending college class at the University of Maryland, had in the school year 1986-87 met Judith Vend. Towards the end of that school year, the spouse and Judith Vend were married and they moved back, along with the two children born to Searle and the deceased, to Washington. At that time Searle resumed work at Marriott. His third wife, however, did not seek employment but chose to "stay home and take care of the [two] children when they are not at school." That the spouse in this case had remarried within a year or so of the death of his first wife was a fact which should have been considered by the district judge in fixing the solatium award in favor of the surviving spouse. Plant v. Simmons Company, 321 F.Supp. 735, 741 (D.Md.1970). The court said:
 
 
 7
 Since the amended statute permits recovery for mental anguish, emotional pain and suffering, loss of society, companionship, comfort and protection, it seems clear that in cases where the new statute is applicable, the jury should know whether the widow or widower has remarried.
 
 
 8
 However, the district judge did not take note of this fact in his award. We, therefore, remand the solatium award in favor of the spouse (the plaintiff Searle) for reconsideration in the light of his marriage.
 
 
 9
 The district judge made another error in its computation of damages. He awarded $200,000 for the loss of decedent's household services which he divided among the several beneficiaries of the deceased in varying amounts. The parties agree, and the Maryland Court of Appeals decided in response to the certified question, that "household services" encompasses both "pecuniary and nonpecuniary aspects" and that, so far as it includes nonpecuniary services, it is encompassed in the term "solatium" and only the award for pecuniary services is compensable as "household services" which are defined by the Maryland court as representing "services that can be performed by domestic workers and their replacement value is measured by prevailing wage rates for such services." This allocation between pecuniary and nonpecuniary services embraced within the district court's award of "household services" was not made by the district court herein, and, as the Maryland court said, remains for decision:
 
 
 10
 The Fourth Circuit has not asked this Court to examine the record and determine whether the award here was for pecuniary or nonpecuniary household services, and, if the former, whether that award could be sustained. Those issues are for the Fourth Circuit when the case is returned by this Court.
 
 
 11
 (Emphasis added.)
 
 
 12
 We accordingly remand to the district court (1) the solatium award for the surviving spouse herein for reconsideration in light of the spouse's remarriage a year or so after the deceased's death, and (2) the award for household services with instructions to break the award down between pecuniary and nonpecuniary allowances and, to the extent that it finds awards for pecuniary services, determine the award on the "replacement value" of such services as performed by domestic workers paid at prevailing wage rates for such services, and to the extent that it includes nonpecuniary, to dismiss the award as submitted under the solatium award.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.