Eloween M. JOHNSON

v.

Karlyn Sue PRICE, et al.

No. Civ. JFM–01–4000.

United States District Court,
D. Maryland.

March 20, 2001.

James L. Thompson, Maury S. Epner, Miller, Miller and Canby, Rockville, MD, for plaintiff.

Michael Loyola Rowam, Quinn, McAuliffe, Rowan & McLindon, Rockville, MD, William N. Zifchak, Sasscer, Clagett and Bucher, Upper Marlboro, MD, for defendants.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Eloween M. Johnson, in her personal capacity and as executor of the estate of her deceased husband, has brought suit against Justin H. Steyer and Karlyn Sue Price for the wrongful death of her husband. Plaintiff seeks damages under Maryland's wrongful death statute, Md.Code Ann., Cts. & Jud.Proc. § 3–901 *et seq.*, and brings a survival action under Md.Code Ann., Est. & Trusts § 7–401(y). Defendant Steyer has moved to dismiss for lack of subject matter jurisdiction, contending that diversity of citizenship is lacking. For the reasons stated below, the motion will be granted.

### I.

Carl T. Johnson was a passenger in an automobile driven by his granddaughter, Meghan E. Price, on December 29, 1998, in Garrett County, Maryland. As Price was turning left from Sky Valley Road onto Maryland Route 495, her car was struck by a truck driven by Steyer. Both Price and Johnson died from injuries they sustained in the collision.

This suit alleges that the accident resulted from Steyer's failure to drive at a speed that was reasonable for the conditions and Price's failure to use reasonable care as she entered Route 495. There are two defendants, Steyer and Karlyn Price. The latter is Meghan Price's mother and the Johnsons' daughter, and she is named as a defendant in her capacity as the personal representative of Meghan Price's estate. Plaintiff has also personally named her, on the defendant's side, as a "use plaintiff" in her capacity as a putative beneficiary of wrongful death damages relating to the death of her father.[1]

Plaintiff Johnson is a resident of West Virginia. Steyer and Karlyn Price are both residents of Maryland. Likewise, Meghan Price was a resident of Maryland. That is relevant because, as the personal representative of Meghan Price's estate, Karyln Price is deemed by law to be a resident of the state where Meghan Price lived at the time of her death. *See* 28 U.S.C. § 1332(c)(2).

### II.

Defendant Steyer argues that this case should be dismissed because Price is a "real party in interest" under Fed.R.Civ.P. 17 on the plaintiff's side, and that she therefore is "required to be joined as a plaintiff." (Def.'s Mot. ¶ 4.) Defendant notes that because Price is the daughter of Mr. Johnson, both she and the plaintiff are entitled by Maryland's wrongful death statute to share in any damages awarded as a result of his death. If Price is a real party in interest on the plaintiff's side of this action, Defendant contends, the parties would lack complete diversity because both Price and Steyer are Maryland residents. This would destroy this Court's

---

1. Plaintiff named Price as a "use plaintiff" in accordance with a Maryland rule that states: "If the wrongful act occurred in this State, all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs whether or not they join in the action. The words 'to the use of' shall precede the name of any person named as a plaintiff who does not join in the action." Md.Rule 15–1001(b).

subject matter jurisdiction. *See, e.g., Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (requiring complete diversity of citizenship between each defendant and each plaintiff in order to support diversity jurisdiction).

### A.

Before moving to the merits, I first consider the procedural posture of this motion. The Fourth Circuit has indicated that cases such as this should be decided under the rubric of Fed.R.Civ.P. 19, not Fed.R.Civ.P. 17. In *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78 (4th Cir.1973), the defendants, like Defendant Steyer here, argued that a non-diverse "use plaintiff" destroyed complete diversity and thus the court's subject matter jurisdiction. *Id.* at 81. The defendants moved to dismiss on the ground that a "use plaintiff" was a real party in interest on the plaintiff's side under Rule 17, or, alternatively, that the "use plaintiff" was an indispensable party who could not be joined under Rule 19(b). *See id.* "In view of [the] overlap between Rule 17 and Rule 19," the Fourth Circuit explained, "we think the emphasis in a case such as this should be on whether under Rule 19 the action should be allowed to continue without joinder of the absent party."[2] *Id.* at 85.

In this case, as in *Virginia Electric,* Defendant Steyer has framed his motion in terms of Fed.R.Civ.P. 17. He also has argued that Price is "required to be *joined* as a plaintiff" (Def.'s Mot. ¶ 4 (emphasis added)), although he did not specifically cite Fed.R.Civ.P. 19. In light of the Fourth Circuit's guidance in *Virginia Electric,* however, I will consider Defendant's Rule 17 motion in conjunction with Rule 19.

### B.

Fed.R.Civ.P. 17 provides: "Every action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). The object of the rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed.R.Civ.P. 17 advisory committee's note; *Virginia Electric,* 485 F.2d at 84. Although described by the Fourth Circuit as "primarily ... negative" in its function, *id.,* Rule 17 has been found relevant to analyzing whether a party is a real party in interest who should be considered for diversity purposes. *See Comm'r of Labor of North Carolina v. Dillard's, Inc.,* 83 F.Supp.2d 622, 627–28 (M.D.N.C.2000).

■ The well-established rule is that a court assessing diversity jurisdiction must consider only the citizenship of those who are real and substantial parties in interest, disregarding the citizenship of merely nominal or formal parties. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Mayor and City Council of Baltimore v. Weinberg,* 190 F.Supp. 140, 142 (D.Md. 1961). If a party has no legal interest or right at stake in a dispute, its citizenship is irrelevant.[3] In order to determine whether a party is a real party under Rule 17, the court must look to the substantive law

---

2. The Fourth Circuit has described Rule 17 as "susceptible" to defendants' efforts to prevent prosecution of claims, and quoted one commentator as saying that it is a " 'barnacle on the federal practice ship [that] ought to be scraped away....' " *Virginia Electric,* 485 F.2d at 83.

3. Plaintiff claims that is the case here. For support, she cites *Atchison, T. & S.F. Ry. Co. v. Phillips,* 176 F. 663 (9th Cir.1910), which she terms an "identical" case. However, *Atchison* is distinguishable because the involuntary party there, unlike Price, the involuntary party here, did not have a legal interest in the

governing the action. *See Virginia Electric*, 485 F.2d at 83. In this case, the relevant substantive law is Maryland's wrongful death statute, the core requirements of which are contained in Md.Code Ann., Cts. & Jud.Proc. § 3–904.

■ An examination of the Maryland statute and related case law reveals that Price has a real, legally cognizable interest in this wrongful death case, and, further, that her rights to wrongful death benefits for the death of her father must be adjudicated as part of the wrongful death suit brought by her mother. Maryland's wrongful death statute explicitly permits only one wrongful death lawsuit to be brought by the beneficiaries of a decedent. *See* Md.Code Ann., Cts. & Jud.Proc. § 3–904(f); *see also Waddell v. Kirkpatrick*, 331 Md. 52, 626 A.2d 353, 359 (1993); *Walker v. Essex*, 318 Md. 516, 569 A.2d 645, 647 (1990). In that single action, the beneficiaries of the decedent—including the decedent's spouse, parents, and children, who are considered "primary beneficiaries"—share any damages that are awarded in proportion to the injuries they suffered as a result of the decedent's death. Md.Code Ann., Cts. & Jud.Proc. §§ 3–904(a), (c), (e).

■ Maryland law thus makes clear that all beneficiaries in wrongful death lawsuits are the real parties in interest in these suits. *See. e.g., Robinson v. Lewis*, 20 Md.App. 710, 317 A.2d 854, 857 (1974) (explaining that wrongful death actions "must … be filed in the name of the real parties in interest"). Indeed, if one of a decedent's beneficiaries is absent from a wrongful death lawsuit, Maryland law requires that a judgment rendered in favor of the beneficiary or beneficiaries who did prosecute the suit be vacated. *See Walker*, 569 A.2d at 648–49. Therefore, even though Price is refusing to seek wrongful death damages as a result of her father's death, Mrs. Johnson's wrongful death suit will adjudicate Price's rights, extinguishing her claim as to Defendant Steyer. By definition, then, she is one of the real parties in interest on the plaintiff's side of this action under Fed.R.Civ.P. 17(a). *Cf. United States v. Verrier*, 179 F.Supp. 336, 341 (D.Maine 1959) (finding "use plaintiff" who had enforceable right under state law to be a real party in interest under Rule 17(a)).

### C.

So far, I have found that Price is a real party in interest on the plaintiff's side of this lawsuit under Rule 17(a), even though in her personal capacity she was styled only as a "use plaintiff" in the Complaint.[4] The next question is whether Price can be made an involuntary plaintiff under the Federal Rules of Civil Procedure.[5] Thus,

---

wrongful death benefits that were at stake in the dispute. *Id.* at 668. The other cases cited by Plaintiff are similarly distinguishable.

4. Cases that determine whether a party should be considered a real party for diversity purposes are necessarily grounded in their factual context. *See Dillard's*, 83 F.Supp.2d at 628. This holding thus is limited to the context of Maryland's wrongful death statute. In another context, the Fourth Circuit and this court have held that partially subrogated insurers need not be joined in an action by their insured, and, when they are present as "use plaintiffs," are not considered parties for diversity purposes. *See Virginia Electric*, 485 F.2d at 84 n. 13, 86; *Jefferson v. Ametek, Inc.*, 86 F.R.D. 425, 429 (D.Md.1980). These cases are distinguishable from this one because, while all beneficiaries must be joined in one wrongful death action, the insureds in these cases were entitled to sue for their losses in their own names, and the presence of the partially subrogated insurers in the suits was not legally required. *See Virginia Electric*, 485 F.2d at 83–84; *Jefferson*, 86 F.R.D. at 427.

5. The Federal Rules, not Md.Rule 15–1001, determine the question of in whose name an action in federal court must be prosecuted. *See Virginia Electric*, 485 F.2d at 83.

the issue resolves to one of joinder, for it is not enough simply to say that Price is a real party in interest.[6]

■ Price clearly is an indispensable party on the plaintiff's side under Rule 19(a). As was discussed above in the context of her status as a real party in interest, in her absence, "complete relief cannot be accorded among those already parties...." Fed.R.Civ.P. 19(a)(1). Joining Price as an involuntary plaintiff would destroy diversity, however, which forces the Court to determine whether under Rule 19(b) the case could and should proceed without Price as a plaintiff.[7]

■ It is obvious that under Rule 19(b), this case cannot go forward without Price being joined as a plaintiff. Any judgment rendered in her absence on the plaintiff's side would be prejudicial to those who are currently parties and also would be inadequate. Maryland law requires that a judgment in a wrongful death case resolve the claims of all potential beneficiaries. *See Walker,* 569 A.2d at 648–49; *see also Waddell,* 626 A.2d at 359 (explaining that "the statute permits but one action to be brought against the same defendant for the death of the injured person"). Further, Plaintiff here has an adequate remedy if I dismiss this action for non-joinder: she can sue in state court. Indeed, she and Price have already done

so in the Circuit Court for Garrett County. This is a factor that weighs significantly against allowing this action to proceed. *See Potomac Elec. Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486, 491 (D.Md. 1972). Finally, there is no way that I could shape the relief in this case to lessen the prejudice, without trampling on the long-held Maryland requirement that only one wrongful death action lies for the death of a person. *See Walker,* 569 A.2d at 648.

■ Plaintiff asserts that jurisdiction should be retained here because, she claims, Price has waived her rights to wrongful death benefits and refused to join as a plaintiff. This argument is unavailing. This Court may not allow Price to determine, merely by choosing whether or not to execute a waiver, whether the Court has diversity jurisdiction. *See, e.g., State Sec. Ins. Co. v. Frank B. Hall & Co., Inc.,* 109 F.R.D. 99, 100 (N.D.Ill.1986) (explaining that "federal courts are courts of limited jurisdiction, and subject-matter-jurisdictional questions are non-waivable"); *cf., e.g., United States v. Longoria,* 259 F.3d 363, 365 (5th Cir.2001), *reh'g en banc granted,* 262 F.3d 455 (5th Cir.2001) (citing the general rule that parties cannot confer federal jurisdiction by consent or waiver). Giving effect to this waiver would be tantamount to allowing the parties to manufac-

---

6. That joinder is ultimately the critical issue is illustrated by Rule 17 itself, which does not allow immediate dismissal of cases that are not prosecuted in the name of the real party in interest, but rather calls for the court to grant additional time "for ratification of commencement of the action by, or *joinder* or substitution of, the real party in interest...." Fed.R.Civ.P. 17(a) (emphasis added).

7. Rule 19(b) provides:
   If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
   Fed.R.Civ.P. 19(b).

ture jurisdiction, which courts have long forbidden. *See, e.g., Bankston v. Burch,* 27 F.3d 164, 168 (5th Cir.1994) ("The parties may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party."). Therefore, the waiver here does not confer the subject matter jurisdiction that is lacking in this case.

A separate order dismissing this motion for lack of subject matter jurisdiction is being entered herewith.