*Cassandra Parker, et al. v. William Hamilton, et al.*, No. 78, September Term, 2016. Opinion by Hotten, J.

**WRONGFUL DEATH — COMPUTATION OF PERIOD OF LIMITATION:**  The Court of Appeals determined that the General Assembly's 1997 amendment to Maryland Code § 5-201 of the Courts & Judicial Proceedings Article ("Cts. & Jud. Proc.") addressed the Court's holding in *Waddell v. Kirkpatrick,* 331 Md. 52, 626 A.2d 353 (1993) that wrongful death claims brought by minor plaintiffs were not tolled during the period of minority.  The Court thus held that Cts. & Jud. Proc. § 5-201 in its current form provides a tolling provision for wrongful death actions that accrue in favor of a minor plaintiff during the period of minority.  Accordingly, under the version of Cts. & Jud. Proc. § 5-201 in effect here, the minor plaintiff's wrongful death claims were tolled during the period of his minority.

**WRONGFUL DEATH — COMPUTATION OF PERIOD OF LIMITATION:**  The Court of Appeals determined that the circuit court erred in dismissing Appellants' wrongful death causes of action.  The circuit court failed to consider that the time limitation to file a wrongful death action is tolled when the defendant engages in fraudulent conduct that prevents the plaintiffs from bringing a wrongful death action within three years from the date of death, pursuant to Cts. & Jud. Proc. § 5-203.  The Court determined that Appellants' amended complaint sufficiently pled facts indicating Appellee's fraudulent conduct, as well as facts from which Appellee's fraud can necessarily be implied.  Thus, the allegations in Appellants' amended complaint were sufficient to invoke Cts. & Jud. Proc. § 5-203.

Circuit Court for Dorchester County
Case No. C15-022407
Argued: February 2, 2017

IN THE COURT OF APPEALS

OF MARYLAND

No. 78

September Term, 2016

_____

CASSANDRA PARKER, ET AL.

v.

WILLIAM HAMILTON, ET AL.

_____

Barbera, C.J.,
Greene,
McDonald,
Watts,
Hotten,
Getty,
Rodowsky, Lawrence F.
        (Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Hotten, J.

_____

Filed: May 22, 2017

On June 9, 2015, Appellant Cassandra Parker (acting individually and as the Personal Representative of the Estate of her son, Craig Junior Parker), and her grandchild, Appellant Z. (Mr. Parker's son, who, by that time was five years old), filed survival and wrongful death actions against Appellee William Stevens Hamilton, arising out of the death of Craig Junior Parker. The wrongful death claims were dismissed by the circuit court as time-barred under Maryland Code, § 3-904 of the Courts & Judicial Proceedings Article ("Cts. & Jud. Proc.").[1] Whether the claims were timely depends on the applicability of two provisions—Cts. & Jud. Proc. § 5-201,[2] which provides that the time period for bringing a wrongful death action that accrues in favor of a minor plaintiff is tolled during the period of minority, and Cts. & Jud. Proc. § 5-203, which reads:

> If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud.

---

[1] Cts. & Jud. Proc. § 3-904 provides in relevant part:

**Limitations**

(g)(1) Except as provided in paragraph (2) or (3) of this subsection, an action under this subtitle shall be filed within three years after the death of the injured person.

[2] Cts. & Jud. Proc. § 5-201 provides in relevant part:

**Accruals which favor minors or mentally incompetent persons**

(a) When a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

We shall hold that both provisions apply. Cts. & Jud. Proc. § 5-201 operates to toll a minor plaintiff's wrongful death claims during the period of his or her minority. Thus, the circuit court erred in dismissing the minor Appellant's wrongful death claims as untimely. Furthermore, the circuit court erred in failing to consider that the time limitation to file a wrongful death action is tolled when the defendant engages in fraudulent conduct that prevents the plaintiffs from bringing a wrongful death action within three years from the date of death, pursuant to Cts. & Jud. Proc. § 5-203. Appellants' amended complaint sufficiently pled fraud in order to invoke Cts. & Jud. Proc. § 5-203.

## I. BACKGROUND

The following facts are alleged in Appellants' Amended Complaint.

On or about August 22, 2009, Mr. Hamilton shot and killed Mr. Parker. At the time, Mr. Parker was thirty-eight years old, and worked as a farmhand for Mr. Hamilton. Mr. Parker was survived by his mother, Cassandra Parker and his son, Z., born on November 17, 2009—Appellants in this matter. Appellants allege that Mr. Hamilton buried Mr. Parker's remains in order to conceal his wrongdoing.

On June 9, 2015, Cassandra Parker (acting individually and as the Personal Representative of the Estate of her son, Mr. Parker) and her minor grandchild, Z. (Mr. Parker's son), filed a complaint in the Circuit Court for Dorchester County against Mr. Hamilton arising out of the wrongful death of Mr. Parker. Appellants thereafter filed an amended complaint in which they added William Vogel, Jr.[3] as a defendant. The amended

---

[3] Appellants allege fraudulent conveyance in Count 7 of their amended complaint.

(continued . . .)

complaint included counts of: (1) wrongful death based on negligence, (2) a survival action based on negligence, (3) wrongful death based on gross negligence, (4) a survival action based on gross negligence, (5) wrongful death based on battery, (6) a survival action based on battery, and (7) fraudulent conveyance.

Mr. Hamilton filed a motion to dismiss with prejudice, or in the alternative, motion for summary judgment. The circuit court held a motions hearing, after which it issued a written opinion granting the motion to dismiss as to the wrongful death claims, and denying the motion as to the survival claims of Mr. Parker's estate.

Appellants filed a motion for reconsideration, which was denied without a hearing. Appellants filed a timely appeal to the Court of Special Appeals. This Court granted certiorari before the Court of Special Appeals' consideration of the direct appeal. *Parker v. Hamilton*, 450 Md. 664, 150 A.3d 819 (2016). Appellants' brief[4] presents three questions for review:

---

(. . . continued)
Appellants specifically allege that Mr. Hamilton gave Mr. Vogel, Jr. an undivided one-half interest in a farm owned by Mr. Hamilton, by deed dated May 29, 2015. Appellants further allege that Mr. Vogel, Jr. gave no consideration in exchange for the one-half interest in the farm.

[4] Appellants' Petition for Writ of Certiorari in this Court did not present Question III for review. When we assume jurisdiction over an appeal pending, but undecided, before the Court of Special Appeals, we "consider those issues that would have been cognizable by the Court of Special Appeals." Md. Rule 8-131(b)(2). In such cases, "we rely on the question or questions in both the appellants' brief and the appellee's brief to present the issue or issues we consider." *City Of Frederick v. Pickett*, 392 Md. 411, 423 n. 7, 897 A.2d 228, 235 n. 7 (2006). Here, Question III would have been cognizable by the Court the Special Appeals, and Appellants' brief presented Question III. Thus, we consider Question III.

- 3 -

I.      Did the trial court improperly ignore Md. Code, Cts. & Jud. Proc. § 5-201 when it determined that the wrongful death claims of the minor plaintiff were not tolled until the age of majority?

II.     Does the trial court's decision that the minor plaintiff's wrongful death claims were not tolled during his minority violate Article 19 of the Maryland Declaration of Rights?

III.    Did the trial court err when it determined that the defendant's fraudulent concealment of a murder failed to toll the plaintiffs' wrongful death claims under Md. Code, Cts. & Jud. [Proc.] § 5-203?

## II.  STANDARD OF REVIEW

The parties contest the appropriate standard of review. Mr. Hamilton argues that the circuit court granted a motion to dismiss, not a motion for summary judgment—and therefore, this Court should not consider evidence outside of the pleadings. In response, Appellants argue that while the circuit court's order was not clear as to whether it granted a motion to dismiss or a motion for summary judgment, the circuit court referred throughout the opinion to evidence and testimony received at the motions hearing, which was beyond the four corners of the complaint. Appellants assert that by considering evidence outside of the scope of the pleadings in rendering its ruling, the motion to dismiss was converted to one for summary judgment pursuant to Maryland Rule 2-322(c). During oral argument before this Court, counsel for Mr. Hamilton contended that the circuit court conducted a discrete review of the wrongful death actions, as a motion to dismiss, and only considered evidence outside of the pleadings as it pertained to the remaining causes of action.

In the section of the circuit court's opinion entitled "***Wrongful Death Claims— Condition Precedent***[,]" the circuit court concluded, "Because the Complaint was not filed

until June 9, 2014, long after the three-year time deadline of August 22, 2012, the wrongful death claims, Counts 1, 3, and 5, must be dismissed." The dismissal of the wrongful death claims was grounded in (1) the application of the time limitation in the wrongful death statute as a condition precedent and (2) the rejection of Appellants' argument regarding the retroactivity of Cts. & Jud. Proc. § 3-904(g), which creates an exception to the condition for wrongful death actions based on criminal homicides. Based on these grounds for dismissal, we determine the review of the wrongful death causes of action was limited to the pleadings.

We have outlined the applicable standard of review pertaining to dismissals for failure to state a claim upon which relief can be granted as follows:

> In considering a motion to dismiss for failure to state a cause of action pursuant to Maryland Rule 2-322(b)(2), a trial court must assume the truth of all well-pleaded relevant and material facts in the complaint, as well as all inferences that reasonably can be drawn therefrom. *Stone v. Chicago Title Ins. Co.*, 330 Md. 329, 333, 624 A.2d 496, 498 (1993); *Odyniec v. Schneider*, 322 Md. 520, 525, 588 A.2d 786, 788 (1991). To this end, the facts comprising the cause of action must be pleaded with sufficient specificity. Bald assertions and conclusory statements by the pleader will not suffice. [*Cont'l*] *Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 481, 369 A.2d 566, 569 (1977). Further, while the words of a pleading will be given reasonable construction, when a pleading is doubtful and ambiguous, it will be construed most strongly against the pleader in determining its sufficiency. *Hixon v. Buchberger*, 306 Md. 72, 75, 507 A.2d 607, 608 (1986); *Read Drug & Chem. Co. v. Colwill Constr. Co.*, 250 Md. 406, 416, 243 A.2d 548, 555 (1968). Dismissal is proper only if the alleged facts and permissible inferences, so viewed, would, if proven, nonetheless fail to afford relief to the plaintiff. *Morris v. Osmose Wood Preserving*, 340 Md. 519, 531, 667 A.2d 624, 630 (1995). On appeal, a reviewing court must determine whether the trial court was legally correct, examining solely the sufficiency of the pleading.

*Bobo v. State*, 346 Md. 706, 708–09, 697 A.2d 1371, 1372–73 (1997).

### III. DISCUSSION

Appellants argue that Cts. & Jud. Proc. § 5-201 was enacted more than 20 years ago in response to this Court's decision in *Waddell v. Kirkpatrick*, 331 Md. 52, 626 A.2d 353 (1993), and that Cts. & Jud. Proc. § 5-201 clearly provides for tolling in a wrongful death case during the period of minority. Appellants further aver that not allowing the action to be tolled until the age of majority would violate Article 19 of the Maryland Declaration of Rights, as held by this Court in *Piselli v. 75th St. Med.*, 371 Md. 188, 808 A.2d 508 (2002). Lastly, Appellants argue that they properly invoked Cts. & Jud. Proc. §5-203, which tolls the time limit for bringing a wrongful death action when the defendant fraudulently conceals his or her wrongful conduct.

In response, Mr. Hamilton argues that the circuit court properly construed Cts. & Jud. Proc. § 5-201 as inapplicable to wrongful death claims. Mr. Hamilton relies on our ruling in *Waddell v. Kirkpatrick*, 331 Md. 52, 626 A.2d 353 (1993), where we determined the time limit contained in Cts. & Jud. Proc. § 3-904(g) was a condition precedent to maintaining an action, as opposed to a statute of limitations. Mr. Hamilton opposes Appellants' proffered interpretation of the Maryland Declaration of Rights as applied to the minor plaintiff. Lastly, Mr. Hamilton proposes that the Appellants did not specifically plead fraud within their complaint, and thus, their wrongful death claims could not be tolled.

***A.*** ***Cts. & Jud. Proc. § 5-201 in its current form provides for tolling of wrongful death claims during the period of minority.***

Cts. & Jud. Proc. § 5-201 states that the time period for bringing a wrongful death action that accrues on behalf of a minor plaintiff is tolled during the period of minority. Subsection (a) of Cts. & Jud. Proc. § 5-201 provides:

> (a) When a cause of action subject to a limitation under Subtitle 1 of this title **or Title 3, Subtitle 9** of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

(emphasis added). The history leading up to the current section provides context for the statute's establishment of a tolling provision for minor wrongful death beneficiaries.

### 1. A brief history of wrongful death limitations

At common law, a tort victim's dependents were not entitled to pursue an action for wrongful death. *See Walker v. Essex*, 318 Md. 516, 522, 569 A.2d 645, 648 (1990) (citing W. Page Keeton, *et al.*, *Prosser and Keeton on Torts* § 127, at 945 (5th ed. 1984)). "The common law not only denied a tort recovery for injury once the tort victim had died it also refused to recognize any new and independent cause of action in the victim's dependents or heirs for their own loss at his death." *Walker*, 318 Md. at 522, 569 A.2d at 648 (internal quotation marks omitted). To remedy this, the English Parliament enacted the Fatal Accidents Act of 1846, otherwise known as Lord Campbell's Act. *Id*. Every state has since adopted its own version of a wrongful death statute, Maryland in 1852. *Id*.

A wrongful death action is brought for the benefit of the surviving family members, to compensate for the losses occasioned by their family member's death:

> The purpose of the Wrongful Death Act is "to compensate the families of persons killed by the wrongful act, neglect or default of another person." It gives to the family a "new cause of action for something for which the deceased person never had, and never could have had the right to sue — that is to say, the injury resulting from his death."

*Binnix v. Johns-Manville Prod. Corp.*, 593 F. Supp. 1180, 1182 (D. Md. 1984) (emphasis omitted) (quoting *Stewart v. United Elec. Light & Power Corp.*, 104 Md. 332, 341, 343, 65 A. 49, 53 (1906)).

Originally, the statute required suit to "be commenced within 12 calendar months after the death of the deceased person." *Waddell*, 331 Md. at 56 n. 4, 626 A.2d at 355 n.4 (quoting 1852 Md. Laws Ch. 299). This time limitation, which was eventually codified in Cts. & Jud. Proc. § 3-904, was later extended to eighteen months, then in 1959 to two years. *Id*.

In 1971, the General Assembly again amended the statute, extending the time period from two to three years from the date of the decedent's death. In making this change, the General Assembly stated its intent to treat the time period to file a wrongful death action the same as the time limitations applicable in negligence actions. In the Preamble to the legislation approving the extension of time from two to three years, it stated:

> WHEREAS, the General Assembly desires to bring the statute of limitations for wrongful death actions in uniformity with that of other negligence actions.

> WHEREAS, there is no logical reason for the variance between the time limits for commencement of actions.

> WHEREAS, citizens may be misled to their detriment by the variance between the respective statutes of limitations resulting in an undue forfeiture of rights.

*Waddell*, 331 Md. at 56, 626 A.2d at 355 (quoting 1971 Md. Laws Ch. 784).

2.      This Court's decision in *Waddell v. Kirkpatrick*

In 1993, a case came before this Court in which the plaintiff, who was only three years old at the time of her father's death, waited until she was twenty years old to file her wrongful death claim. *Waddell v. Kirkpatrick*, 331 Md. 52, 626 A.2d 353 (1993).  She argued that her claim was timely even though it was filed more than three years after her father's death because, pursuant to Cts. & Jud. Proc. § 5-201 (which, at the time, did not refer to Title 3, Subtitle 9 of the Courts & Judicial Proceedings Article),[5] the time limit for bringing her claim was tolled during her minority.  *Id*. at 56, 626 A.2d at 355.

We discussed the distinction between a statute of limitations and a condition precedent—as a statute of limitations affects only the remedy, not the cause of action.  *Id*. at 59, 626 A.2d at 356.  Conversely, we looked to our jurisprudence analyzing the effect of a time requirement then prescribed within the wrongful death statute:

> The [statute] create[s] a new legal liability, with the right to suit for its enforcement, provided the suit is brought within twelve months, and not otherwise.  The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone.  It is a condition attached to the right to sue at all. . . .  Time has been made of the

---

[5] The version of the statute interpreted in *Waddell* was Md. Code (1989 Repl. Vol.) Cts. & Jud. Proc. § 5-201, which provided, in pertinent part:

> (a) *Extension of time.*—When a cause of action subject to a limitation of Subtitle 1 of this title accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

*Waddell*, 331 Md. at 53 n. 1, 626 A.2d at 353 n. 1.

- 9 -

essence of the right and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.

*Id*. at 59, 626 A.2d at 356 (quoting *State v. Parks*, 148 Md. 477, 129 A. 793, 794 (1925)).

We thus held that the time period for commencing actions prescribed in the wrongful death statute is a condition precedent, operating as a limitation of both liability and remedy:

> Once it has been established that section 3-904(g) is a condition precedent, as opposed to a statute of limitations, it follows inexorably that it does not fit within the prescription of section 5-101. Consequently, section 5-201 does not save a cause of action for wrongful death notwithstanding the disability of the plaintiff at the time the action accrued.

*Waddell*, 331 Md. at 60, 626 A.2d at 356.

> 3.      The General Assembly's amendment of Cts. & Jud. Proc. § 5-201 in response to *Waddell*

Following this Court's decision in *Waddell*, in 1997, the General Assembly added language to Cts. & Jud. Proc. § 5-201 that specifically referenced its application to wrongful death actions:

> (a) When a cause of action subject to a limitation under Subtitle 1 of this title **OR TITLE 3, SUBTITLE 9 OF THIS ARTICLE** accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

1997 Md. Laws Ch. 318 (emphasis added). By specifically referencing the wrongful death statute within the new version of Cts. & Jud. Proc. § 5-201, the General Assembly amended the statute to provide that the time period to file a wrongful death cause of action is tolled during a plaintiff's minority.

This intent is supported by the legislative history contained in the bill file. The

Bill Analysis generated by the General Assembly for the Bill states:

> Additionally, the bill establishes that when the time period to file wrongful death action accrues in favor of a minor or mental incompetent, that person must file the action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

> * * *

> [C]urrent law provides that when a cause of action subject to a statute of limitations accrues in favor of a minor or mental incompetent, that person has three years after the disability is removed to file the action. **Courts have interpreted the time period to file a wrongful death action as a condition precedent and not a statute of limitations. The bill provides the same extension of time to wrongful death actions that is currently provided to other actions with a statute of limitations.**

Bill Analysis of H.B. 770 (1997) (emphasis added).

The legislative history of the General Assembly's 1997 amendment to Cts. & Jud.

Proc. § 5-201 demonstrates that the amendment was intended to address our determination

in *Waddell* that there was no tolling for minor plaintiffs in wrongful death actions. Thus,

we hold that Cts. & Jud. Proc. § 5-201 in its current form provides for tolling during the

period of minority. Accordingly, under the version of Cts. & Jud. Proc. § 5-201 in effect

here, the minor plaintiff Z.'s wrongful death claims were tolled during the period of his

minority.

Appellants further argue that not allowing for tolling until the age of majority would

violate Article 19 of the Maryland Declaration of Rights, as held by this Court in *Piselli v.*

*75th St. Med.*, 371 Md. 188, 808 A.2d 508 (2002). Because we determined that the plain

language of Cts. & Jud. Proc. § 5-201 in its current form provides for tolling of a wrongful

death claim during a period of minority, it is not necessary for us to reach the constitutional issue. *See, e.g., Mercy Hospital v. Jackson,* 306 Md. 556, 565, 510 A.2d 562, 566 (1986) (stating that "this Court's established policy is to decide constitutional issues only when necessary.").

### B.    Appellants' amended complaint sufficiently pled fraud in order to invoke Cts. & Jud. Proc. § 5-203.

Appellants further argue that the circuit court erred in dismissing their causes of action by failing to consider that the time limitation to file a wrongful death action is tolled when the defendant engages in fraudulent conduct that prevents the plaintiff from bringing a wrongful death claim within three years from the date of death. We agree.

Appellants aver that our decision in *Geisz v. Greater Balt. Med. Ctr.*, 313 Md. 301, 545 A.2d 658 (1988) controls this issue and supports the determination that their claims should be tolled. *Geisz* was a medical negligence case in which the plaintiffs—a wife and son—brought a wrongful death action ten years after the death of a husband and father from cancer. They argued, pursuant to Cts. & Jud. Proc. § 5-203, that their cause of action was tolled by the defendant physician's fraudulent conduct in continuing to assure them that he was receiving the best possible care with the most up-to-date technologies. *See id.* at 309, 321–25, 545 A.2d at 662, 667–70. They claimed that it was not until years later that they discovered the physician's department was understaffed, underequipped, and failed to properly verify that the radiation treatment he was rendering was working. *Id.* at 312–13, 545 A.2d. at 663–64. In addressing the threshold issue of first impression, this

Court held that Cts. & Jud. Proc. § 5-203 applied to wrongful death actions. *Id*. at 324–25, 545 A.2d at 669.

Mr. Hamilton argues that the Appellants did not sufficiently plead fraud within their complaint in order to invoke Cts. & Jud. Proc. § 5-203. We disagree. In the amended complaint, Appellants pled that (1) on or about August 22, 2009, Mr. Hamilton shot and killed Mr. Parker and (2) Mr. Hamilton buried Mr. Parker's remains in order to conceal his wrongdoing. We determine that these allegations were sufficient to reflect Mr. Hamilton's fraudulent conduct, and facts from which Mr. Hamilton's fraud can necessarily be implied. *See Antigua Condo. Ass'n v. Melba Inv'rs Atl., Inc.*, 307 Md. 700, 735, 517 A.2d 75, 93 (1986) ("General or conclusory allegations of fraud are insufficient. A plaintiff must allege facts which indicate fraud or from which fraud is necessarily implied."); *Parish v. Md. & Va. Milk Producers Ass'n*, 250 Md. 24, 72, 242 A.2d 512, 539 (1968) ("It is equally well-settled that it is not necessary to charge the defendants specifically with 'fraud' or with 'acting fraudulently' if the facts alleged indicate fraud or are such that fraud is necessarily implied from the alleged facts."). Thus, the circuit court erred in dismissing the wrongful death counts, as the amended complaint sufficiently pled fraud in order to invoke Cts. & Jud. Proc. § 5-203.

## IV. CONCLUSION

We determined that pursuant to Cts. & Jud. Proc. § 5-201, the minor plaintiff Z.'s wrongful death claims were tolled during the period of his minority. Furthermore, the Appellants' amended complaint sufficiently pled fraud in order to invoke Cts. & Jud. Proc.

§ 5-203.  Thus, the circuit court erred in granting Mr. Hamilton's motion to dismiss the

wrongful death counts.

> **JUDGMENT OF THE CIRCUIT COURT FOR DORCHESTER COUNTY IS REVERSED.  CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY APPELLEE WILLIAM HAMILTON.**